Marotto, Appellant, *v.* George D. Ellis & Sons, Inc.

222

Argued March 10, 1942. 

 Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, RHODES, HIRT and KEN-
WORTHEY, JJ. 

*Hugh Roberts,* for appellant.

*Ralph N. Kellam,* with him *Frederick L. Fuges,* for
appellee.

OPINION BY HIRT, J., July 23, 1942:

Judgment was properly entered for defendant in this
compensation case on the finding of the referee, affirmed
by the board, that there was no injury from accident.

Defendant manufactured tin containers. In the pro-
cess, the open seams of the cans were dipped in a solu-
tion of chloride of zinc, as a flux, and were then soldered
by machinery. It was claimant's work to test the cans
for leaks as they came from the machine. He developed
pressure inside the can by means of compressed air and
then immersed it in a tank of water. When leaks were
discovered it was his duty to solder them. The only
evidence of an accident is claimant's statement that in
the morning of May 11, 1938; 'When I was testing the
cans the force of the air caused the spray to go all over

my face—the acid and water.' It was his contention that some of the mixture lodged in his left eye causing irritation and inflammation which ultimately resulted in the loss of the eye.

The circumstances do not support claimant's contention. After the alleged accident he worked continuously until shortly before the eye was removed on July 21, 1939. No evidence of disability was observed on the day in question by the men who worked with him and claimant made no complaint of an accident to them. Chloride of zinc was used in a solution of but 14%. Most of it was burned off by the process of soldering before the cans came to claimant. Whatever residue of acid remained, was further diluted by dipping the cans in the tank which contained about 15 gallons of water. There is ample evidence that a much stronger solution of chloride of zinc in the eye would cause only a temporary and harmless irritation. When claimant went to the Jefferson Hospital in January 1939, according to the history which he gave, he had been aware of dimness of vision in the left eye throughout the preceding 15 years; this condition was progressive and an examination at the hospital disclosed that he was almost totally blind in that eye. It is significant that neither then nor thereafter did he give any history of an accident. The diagnosis was cataract and chronic glaucoma a hardening of the eye ball; 'arcus seniles', which we understand to be a whitish ring on the border of the cornea, from advancing years, was found to be present in both eyes.

"To secure compensation there must be proof both of an accident and of an injury": *Harring v. Glen Alden Coal Co.*, 332 Pa. 410, 3 A. 2d 381. And where the disability suffered by a claimant may have resulted either from natural causes or from accident the burden is upon claimant to individuate the latter as the cause. *Reap v. Kehoe-Berge Coal Co.*, 140 Pa. Superior Ct. 510, 14 A. 2d 147. This burden has not been met. Glau-

coma may be caused by accident but here it was chronic, and not acute, negativing the inference of an accidental cause. Moreover, as in *Dorsch v. Fisher Scientific Co.*, 136 Pa. Superior Ct. 197, 7 A. 2d 604, "This is not the case of a well-established accidental injury being followed by results that are so directly and immediately, or naturally and probably, attributable to the injury that the causal connection between them does not depend upon the testimony of medical experts ......" Claimant's condition was observed by at least six physicians before the eye was removed, and the lack of merit in his claim is indicated by the fact that he did not call one of them to testify. Without any explanation of his failure in this respect, it was a proper inference that their testimony, if called, would have been adverse. *Marshall v. Pittsburgh*, 119 Pa. Superior Ct. 189, 180 A. 733. On the contrary he relied upon two medical witnesses who did not see claimant until nine months after the eye had been removed. And even their testimony does not meet the standard of proof required to establish a causal connection between the alleged accident and the disability. *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995; *Shashura v. Vesta Coal Co.*, 146 Pa. Superior Ct. 161, 22 A. 2d 441; *Monahan v. Seeds & Durham et al.*, 336 Pa. 67, 6 A. 2d 889. One of them testified that it is 'probable' or 'very possible' that glaucoma would develop from 14% chloride of zinc in the eye. The testimony of the other medical witness went no farther than to express the opinion that claimant 'would have a very probable chance of losing that eye', from that cause.

The only reasonable inference from all of the testimony is that the loss of claimant's eye is attributable to progressive disease or to advancing years and not to an accident, either as the sole or a contributing cause. The compensation authorities so found and their finding is conclusive of the matter. *Barton v. Pittsburgh Coal Co.*, 113 Pa. Superior Ct. 454, 173 A. 678.

Judgment affirmed.