Carnachione, Appellant, *v.* Hotel William Penn.

Argued April 9, 1957. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*William W. Matson,* for appellant.

*John M. Reed,* for appellee.

Opinion by Watkins, J., June 11, 1957:

This is a workmen's compensation case in which the claimant alleged infection in both eyes, causing blindness, due to the splashing of dishwater containing harmful chemicals into her eyes while employed as a dishwasher in the defendant hotel. The referee made an award in her favor. On appeal the board reversed and remanded for the purpose, inter alia, of hearing the evidence of an impartial opthalmologist. The defendant appealed from the order to the Allegheny County Court. The county court dismissed the

appeal and the defendant then appealed to this Court and on October 23, 1952 the appeal was discontinued. The case was then remanded to the referee under the board's order. The referee again found for the claimant, the board again reversed the referee and denied compensation. This is an appeal from the judgment of the county court affirming the board.

The claimant is totally blind. The uncontradicted testimony of the claimant's attending physician, Dr. Carlisle E. McKee and Dr. Paul F. Holl, the impartial opthalmologist, is to the effect that the condition of the eyes was caused from an internal systemic condition which was or could have been caused by internal conditions antedating the alleged accident. The board found "claimant's condition was or could have been due to internal troubles antedating the accident. We are not told and medical proof rested with the claimant." Her physician Dr. Carlisle E. McKee, made a diagnosis of chronic severe bilateral internal ophthalmoneuritis, of severe glaucoma in the right eye and severe dental caries and infection.

The claimant failed to support her burden of proof that the injury complained of was caused by the alleged accident and we agree with the court below that our review is limited to determine whether there has been a capricious disbelief of competent evidence by the compensation authorities. As Judge LENCHER said in his opinion, "To secure compensation there must be proof both of an accident and of an injury and where the disability may have resulted either from natural causes or by the accidental injury the burden is on the claimant to individuate the latter as to the cause. This burden is not met on this record. Obviously this is not the case where the results are directly and immediately naturally and probably attributable to the injury so that causal connection does not depend upon the tes-

timony of the medical experts. Marotto vs. G. D. Ellis et al., 28 A. 2d. 339, 149 Pa. Superior Ct. 221. . . . And testimony from medical experts that the result of the supposed accidental injury is 'probable' or very possible is insufficient to meet the burden. Marotto vs. G. D. Ellis, supra, at Page 224.

"The credibility of the witnesses, the weight of their evidence, all questions of fact, are for the board. It is not the function of this reviewing court to find facts, weigh conflicting evidence, decide what inferences shall be drawn, our revisory powers are limited to the determination of the question whether there is competent evidence to support the findings, whether the law has been properly applied; if the evidence to sustain the burden of proof is not believed by the board it may decline to grant an award or if in the board's opinion the evidence is so indefinite and inconsistent that it cannot be accepted as a basis for a finding which would sustain an award, no compensation need be given. Barton v. Pgh. Coal Co., 173 A. 678, 113 Pa. Superior Ct. 454. The board may accept or reject in whole or in part the testimony of any witness and the credibility and weight of testimony of one who qualifies as an expert are not reviewable by us. Palady v. Reliance Steel et al., 67 A. 2d. 620, 165 Pa. Superior Ct. 370. And finally we are confronted in this sad situation by the policy that where the board finds against the party who has the burden of proof, here the claimant, our review is limited to determining whether there has been a capricious disbelief of competent evidence and whether the findings of fact and of law are consistent inter se. Landis v. G. M. Corp., 119 A. 2d 645, 180 Pa. Superior Ct. 332. The answer is no and we may not disturb so complete a record as the one which here confronts us."

Judgment affirmed.