Stufflet *v.* Fraternal Order of Eagles et al., Appellants.

474

Argued March 22, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Allan K. Grim,* with him *Stevens & Lee,* for appellants.

*Edward Youngerman,* with him *Vincent Grant,* for appellee.

OPINION BY HIRT, J., April 13, 1949:

Claimant was employed as steward of defendant's social club. His work was general, involving physical

labor as well as supervisory duties in the operation of the club and maintenance of the building. A cataract which had developed over claimant's right eye was removed by surgery on October 24, 1946. His recovery was normal and by November 29, 1946 claimant had vision in the eye, corrected to 20/15 by means of cataract glasses. Following the eye operation, claimant returned to his employment with defendant during the last week of November 1946. About ten days later, on December 5, in the act of lifting a beverage case weighing 50 pounds from the floor of the basement and carrying it to another room, he suffered a sharp pain in the right side of his head. He testified: "After I lifted this, something tore and my eye turned all white, just like a curtain came down over my eye". The retina of the right eye became detached resulting in immediate and incurable blindness. In this proceeding the referee made an award in favor of claimant for the specific loss of the eye which was affirmed by the board. The lower court entered judgment on the award.

The findings of the referee were affirmed by the board without modification or additions; the board made no findings of its own. The so-called "findings", numbered 4 and 5, in reality are not findings at all but are merely abstracts of the testimony of the claimant and of the one medical witness, without any indication of what facts if any were accepted as established by their testimony. We have disapproved the practise and have frequently pointed out that in workmen's compensation cases it is the duty of the referee and the board to make specific findings of basic facts which will support the final order. Cf. *Walsh v. Penn Anth. Mining Co.,* 147 Pa. Superior Ct. 328, 329, 24 A. 2d 51; *Gavula v. Sims Company,* 155 Pa. Superior Ct. 206, 214, 38 A. 2d 482. Both the referee and the board rested the award on the 6th finding as made by the referee in this language: "From all of the testimony taken in this matter, your

Referee finds as a fact that the claimant lost the sight of his right eye through an accidental injury in the course of his employment with the defendant . . ."

Disability overtaking an employe at work is not compensable unless the result of an accident, and to constitute an accident there must be some untoward occurrence aside from the usual course of events. *Adamchick v. Wyoming Val. Col. Co.*, 332 Pa. 401, 3 A. 2d 377. Defendant's insurance carrier, an appellant here, contends there is no proof of an accident in this case. Admittedly the work which claimant was doing at the inception of the detachment of the retina, was a part of his regular duties, performed in the usual way, without over-exertion or other abnormal circumstance. Therefore if there was an accidental injury in this case the accident must consist in the extraordinary nature of the effect, rather than the cause, bringing the proceeding within the second type of cases as classified in *Parks v. Miller P. Mach. Co.*, 336 Pa. 455, 459, 9 A. 2d 742. In *Rovere v. Interstate Cemetery Co.*, 164 Pa. Superior Ct. 233, 63 A. 2d 388, we recently had occasion to refer to the cases with some particularity in which compensation was properly awarded for disability occurring in the course of the normal duties of an employe, as evidenced by sudden change in the physical structure or tissues of the body. And we stressed the principle of all of the cases that an unexpected pathological result from physical exertion usual to the employe's work may constitute a compensable accident but only when suffered by a hitherto normal, healthy workman. It is still the invariable rule of law that "when an employe, going about his work in the usual way, is overcome by a lesion which may be the natural result of a pre-existing condition it cannot be said to have been unexpected or unforeseen, in the absence of proof it was caused by some accidental preceding means": *Buck v. Arndt*, 153 Pa. Superior Ct. 632, 34 A. 2d 823.

In the light of these legal principles, the 6th finding, quoted above, in reality a mixed finding of fact and a conclusion of law, is insufficient to support the award in the absence of specific findings supplying a foundation for the general finding of a compensable accident. Particularly is this so because the board rested its conclusion on the fact that there is no evidence in the record "of any diseased part of the retina previous to the incident in question". The award in this respect was made in error of law. Undoubtedly there was no pre-existing disease of the retina itself nor prior detachment of it in any degree, but if the detachment was caused by other disease or physical abnormality the resulting disability was not from accident. The burden was on the claimant in the present case to show by competent evidence that the retina became detached because of accident and not from existing weakness in the tissues of the eye resulting from the removal of the cataract. We need not express an opinion as to whether the evidence in any view is sufficient to support a finding to that effect, essential to an award in this case. Certainly the testimony of the one medical witness produced is equivocal, unsatisfactory and in some material respects, unintelligible. And, of course, the testimony of a medical witness, even though uncontradicted, is not binding on the board. *Bartman v. Jones & Laughlin,* 163 Pa. Superior Ct. 31, 60 A. 2d 565.

We are all of the opinion that the case must be referred back to the board for further proceedings and specific findings as above indicated. Whether claimant will ultimately receive compensation for the loss of an eye is a matter of grave importance to him. Additional testimony, possibly from an impartial medical expert, may be necessary. That however, will be for the board to decide.

The judgment is set aside; it is ordered that the claim be referred back to the board for further proceedings.