## Banks *v.* Brazee et al., Appellants.

: Argued April 13, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Irwin M. Ringold,* with him *Philip E. Brockway,* for appellants.

*Nathan Routman,* for appellee.

OPINION BY HIRT, J., July 19, 1949:

Claimant's husband, a laborer in the employ of defendant, suffered a rupture of the ileum while doing his usual work in the usual way. There was no evidence of overexertion. The referee from the circumstances, found an accident established by the extraordinary nature of "the effect rather than the cause" and accordingly made an award based upon a finding that his death resulted from the accidental injury. The board ultimately affirmed the award on additional findings which it made, supplementing those of the referee, as follows: "Fourth: On September 25, 1944, at approximately 8:30 A.M., the deceased was engaged in carrying bags of plaster, each weighing from 94 to 98 pounds, in the course of his duties as an employee of the defendant. He became ill while stooping over a bag and complained of illness, and about five minutes later, rolled around on the floor, holding his stomach and groaning. He was immediately removed to a hospital where an operation was performed revealing a ruptured ileum. Sixth: The rupture of the ileum, as disclosed by the operation, was

to a previously sound and healthy organ which showed no evidence of pre-existing disease and was the result of external force sustained by the decedent during the course of his employment. As the result of the accidental occurrence of September 25, 1944, decedent died on October 10, 1944". There was no dispute as to the facts and the court properly entered judgment for claimant on the award. The judgment will be affirmed.

All of the evidence consistently supports the above findings. Defendant was engaged in the building of a number of dwelling houses on a piece of land in the City of Sharon. Deceased and one Bronson were employed as laborers by the defendant on this construction work. Their duties were general and at times involved hard work. Bronson testified that on the morning of September 26, 1944, when he and the deceased arrived at work they found that the entrance to one of the buildings had been obstructed by a pile of about 60 bags of plaster which had been unloaded from a truck /the night before. Plaster for use elsewhere on the construction work had been mixed in this building and to clear a way for the hod carriers it was necessary that the obstruction be removed. Deceased assisted Bronson in moving the bags of plaster. Each sack weighed about 98 pounds. Deceased had carried about 20 of them from the doorway to a new pile in the same building about 6 feet away, when in picking up another sack he was stricken and he let it drop to the floor. According to Bronson he then "doubled over" and cried out that he was sick. Within a few minutes he was seen on his back rolling about on the floor groaning and apparently suffering intense pain. He was removed to a hospital where he was promptly operated upon for a ruptured ileum. He died from the rupture and the attendant shock, on October 10, 1944. Dr. Howard Moses, who attended him at the hospital testified positively that there was a causal connection between the physical

effort of lifting the bags of plaster and the injury; in his opinion the rupture of the ileum was traumatic in origin. All of the evidence is that deceased prior to his injury had been in good health. Claimant testified that her husband had not been ill and Dr. Moses found no evidence of a previous disease of the ileum or other existing abnormal physical condition which could have contributed to the injury.

Of course disability overtaking one at his work is not compensable unless the result of accident; and an accident cannot be inferred merely from the physical collapse of an employe. *Smith v. Rossiter & Sons Co. et al.*, 158 Pa. Superior Ct. 128, 44 A. 2d 298. But the findings in this case, supported as they are by uncontradicted evidence, clearly and logically establish a compensable accident within the second type of cases, as classified in *Parks v. Miller P. Mach. Co.*, 336 Pa. 455, 459, 9 A. 2d 742, consisting of those "where the work or act performed by the employe is voluntary, and not marked by any abnormal or unusual feature, but where there occurs an unexpected and unusual pathological result; that is to say, where the accident resides in the extraordinary nature of the effect rather than in the cause". That pronouncement has been consistently followed and it now must be accepted as settled law that disability of a normal healthy workman, with no physical weakness other than is common to all men, may be compensable, though the result of muscular strain or internal lesion in the performance of ordinary manual labor usual to the employe's work. Deceased was in normal physical condition and the rupture of the ileum was not induced by disease. Under the circumstances, the fact that deceased was stricken while lifting a heavy bag of plaster, was sufficient proof of an accident. Cf. *Buck v. Arndt et al.*, 153 Pa. Superior Ct. 632, 637, 34 A. 2d 823.

The present case is clearly ruled in every aspect by the principles reviewed by us in *Rovere v. Interstate Cemetery Co.*, 164 Pa. Superior Ct. 233, 63 A. 2d 388, and in the cases there collected and cited, to which may be added *Stufflet v. Fraternal Order of Eagles et al.*, 164 Pa. Superior Ct. 473, 65 A. 2d 443.

Judgment affirmed.