Cope, Appellant, *v.* Philadelphia Toilet Laundry & Supply Co. et al.

Argued March 20, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Edward Stone*, with him *Shapiro, Conner, Rosenfeld & Stalberg*, for appellant.

*Joseph Head, Jr.*, with him *John B. Martin* and *Duane, Morris & Heckscher*, for appellees.

OPINION BY RHODES, P. J., July 20, 1950:

This is an appeal by claimant in a workmen's compensation case from the judgment of the court of common pleas entered for defendant. This action of the court below was in affirmance of the order of disallowance by the Workmen's Compensation Board. The referee had previously dismissed claimant's petition for compensation as the dependent widow of her deceased husband.

In her petition for compensation, claimant averred that her husband died on March 25, 1946, from a coronary thrombosis; that this was the result of an accident suffered on November 9, 1945, while in the employ of the

Philadelphia Toilet Laundry and Supply Company, the defendant.

Defendant filed an answer in which it denied the material allegations in the petition, and averred that deceased's disability and death were not in any manner related to any accident.

The referee's order of dismissal was based upon a finding of fact that deceased's death was in no way related to any accidental injury sustained by him while in the course of his employment with defendant.

The Board in affirming the referee's findings of fact, conclusions of law, and order of dismissal also stated that the evidence failed to establish that deceased was stricken while overexerting himself, and that the medical testimony was uncertain as to whether or not deceased had a sound heart before November 9, 1945.

Claimant and deceased were married in 1914 and had one dependent child, a son two and one-half years of age, at the time of the hearing. Deceased was employed by defendant as a laundry driver-salesman, and his duties consisted of collecting bundles of laundry, taking them to defendant's plant, and returning them to the customers. He had been doing this type of work for about 23 years. On November 9, 1945, he returned to his home about 6:30 p.m.; he seemed to be ill and could not eat dinner; and at 1:30 a.m. on Sunday, November 11, 1945, he appeared to be breathing heavily, and claimant called his physician, Dr. William F. Fearn. In compliance with the doctor's advice, deceased remained in bed for six weeks. On March 15, 1946, deceased returned to his employment with defendant, and on March 20, 1946, at 3 a.m. he had a recurrent attack of coronary thrombosis. Dr. Fearn again treated deceased who remained in bed until March 25, 1946, when he died.

A witness for claimant, Louis Shum, who was assisting deceased at the time he was stricken on November 9, 1945, testified that he was likewise employed by defendant as a laundry driver. This witness testified that he was on the platform at defendant's plant where the laundry was being unloaded, and that deceased was in the truck passing the bundles of laundry to him. This witness stated that when the truck was three-fourths unloaded he noticed that deceased was leaning against the truck holding his chest and gasping for breath. The witness testified that the bundles weighed from 15 to 40 pounds; that deceased was working at a normal speed; and that there was nothing unusual in the type of work deceased was performing or in the weight of the bundles being handled.

Dr. Fearn, who had been deceased's physician, testified that deceased suffered a coronary thrombosis on November 9, 1945, and that he treated him until his return to work on March 15, 1946. The doctor testified as to the recurrence on March 20, 1946, which resulted in the death of deceased on March 25, 1946. He further testified that in his opinion physical violence or unusual effort was a cause in bringing about the initial attack. Dr. Fearn further testified that coronary thrombosis may result from a diseased process of the coronary artery; that a person who is healthy and has coronary arteries that are not subject to any diseased process may suddenly develop a coronary thrombosis; that an onset of coronary thrombosis may occur without exertion; that the presence of physical violence or unusual effort on the part of the deceased was assumed from the history of the case given to him; and that he could not say whether deceased had any impairment of his heart or arteries before the alleged accident.

The assumed facts upon which the doctor's professional opinion was based were not established by any

evidence, and such opinion of a medical expert is not proof of an accidental injury. *Fetrow v. Oliver Farm Equipment Sales Co.*, 132 Pa. Superior Ct. 39, 47, 1 A. 2d 249; *Eckman v. United States Lock and Hardware Co.*, 146 Pa. Superior Ct. 513, 519, 23 A. 2d 232; *Smith v. A. De O. Rossiter & Sons Co.*, 158 Pa. Superior Ct. 128, 134, 44 A. 2d 298. The fact that deceased was stricken while performing his ordinary work without overexertion would be in itself insufficient proof of an accident. An accident cannot be inferred merely from the physical collapse of an employe. *Smith v. A. De O. Rossiter & Sons Co.*, supra, 158 Pa. Superior Ct. 128, 133, 44 A. 2d 298; *Banks v. Brazee,* 165 Pa. Superior Ct. 268, 271, 67 A. 2d 631.

Claimant's further contention is that since deceased had been previously in good health and was stricken with a coronary thrombosis while at work such an attack was an accident within the meaning of section 301 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §411, and that therefore an award of compensation should have been made. In *Banks v. Brazee,* supra, 165 Pa. Superior Ct. 268, 271, 67 A. 2d 631, 633, we said that "it now must be accepted as settled law that disability of a normal healthy workman, with no physical weakness other than is common to all men, may be compensable, though the result of muscular strain or internal lesion in the performance of ordinary manual labor usual to the employe's work." See, also, *Rovere v. Interstate Cemetery Co., Inc.,* 164 Pa. Superior Ct. 233, 63 A. 2d 388; *Stufflet v. Fraternal Order of Eagles,* 164 Pa. Superior Ct. 473, 65 A. 2d 443; *Buck v. Arndt,* 153 Pa. Superior Ct. 632, 34 A. 2d 823.

But under the circumstances it cannot be said that the Board was obliged to conclude in the present case that there occurred an unexpected and unusual pathological result from physical exertion constituting a

compensable accident. See *Parks v. Miller Printing Machine Co.,* 336 Pa. 455, 459, 9 A. 2d 742.

The findings of the compensation authorities were adverse to the claimant. On appeal the question then is only whether the findings of fact can be sustained without a capricious disregard of testimony, and are consistent with each other and with the conclusions of law and final order. *Phillips v. B. & N. Oil & Gas Co.,* 161 Pa. Superior Ct. 334, 336, 54 A. 2d 52.

The medical testimony of Dr. Fearn was inconclusive, and the credibility of such expert and the weight to be attached to his testimony were matters exclusively for the Board. Although there was no evidence to sustain the assumption of unusual effort on the part of deceased in the performance of his duties, Dr. Fearn was of the opinion that unusual effort brought on the attack of coronary thrombosis. On the other hand, he testified that coronary thrombosis may result from other causes, and that he did not know the condition of deceased's coronary arteries.

The burden was on claimant to prove all the elements of her case to the satisfaction of the Board—an accident in the course of deceased's employment and a causal relationship between the accident and his death.

There was no proof of overexertion or unusual exertion on the part of deceased in performing his usual duties, and there was no evidence of strain or stress sustained by him in the course of his work. Cf. *Smith v. A. De O. Rossiter & Sons Co.,* supra, 158 Pa. Superior Ct. 128, 134, 44 A. 2d 298. There was no proof that his condition was the result of an accidental injury rather than the result of natural causes. On the record before it the Board committed no reversible error.

We have frequently said that the Workmen's Compensation Act, having been enacted for the benefit of the employe, should be liberally construed. On the

other hand, we cannot overlook the fact that it is an Act to compensate for accidental injuries and not one to insure the life and health of the employe. *Monahan v. Seeds & Durham,* 336 Pa. 67, 74, 6 A. 2d 889; *Pirillo v. Barber Asphalt Co.,* 140 Pa. Superior Ct. 334, 338, 13 A. 2d 906.

Judgment is affirmed.