## Owatt, Appellant, *v.* Rodman's Beverage.

Argued April 12, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*E. F. Peduzzi,* with him *Smorto, Peduzzi & Taylor, Pugliese, Troiano & Pugliese* and *Michael J. Pugliese,* for appellant.

Edward J. Harkins, with him Robert J. Wharton and Harkins & Wharton, for appellees.

OPINION BY HIRT, J., July 19, 1951:

Claimant appeared without counsel or any witnesses before the Referee on his claim for compensation. The Referee at that hearing examined claimant for the record as to the circumstances attending the alleged accidental injury to his back. From his testimony the Referee found: "That the work claimant was performing at the time he suffered the pain in his back was his ordinary work and he proceeded with the work in his usual manner; that there is no evidence to show that anything unusual occurred outside of the regular duties of his employment, and no accident occurred within the meaning of the Workmen's Compensation Act." The Board affirmed the finding and the order of disallowance, on that ground. Thereupon claimant filed a timely petition for a rehearing. In our view the Board, under the circumstances, is chargeable with an abuse of discretion in refusing a rehearing, as prayed for. Cf. *Fronko v. U. S. Sanitary Mfg. Co.*, 155 Pa. Superior Ct. 636, 39 A. 2d 363. The court, on appeal from that order, also was wrong in affirming the Board, on its conclusion that claimant was barred under the rule of *Adamchick v. Wyoming Val. Col. Co.*, 332 Pa. 401, 3 A. 2d 377. The error stems from a misconception of the nature of the claim, by the Referee, the Board and the court. Whether the *Adamchick* and kindred cases will control the disposition of this case cannot be determined until after a full hearing on the merits.

Claimant worked in defendant's warehouse, but driving a truck in handling his employer's products was also a part of his regular duties. His testimony is thus summarized in the findings in this case: "That part of claimant's duties was to load and unload cases

of beverage; . . that in describing his alleged accident the claimant testified that about Thursday of that week [of September 8, 1946] he was unloading empty cases from the top rack of a truck, swinging them over to another truck; that while in the act of swinging over one of the cases, which weighed thirty-five to forty pounds, he experienced pain in his low back region; that he ceased work immediately, was off work the balance of that week; that claimant returned to work on Monday, Sept. 16th, 1946 and worked until October 5th, 1946, although he testified that he worked with difficulty; that claimant was off work from that date . . [for most of the period] until December 13th, 1946, when he ceased work again and up until the date of this hearing [April 1, 1947] had not been employed." The record indicates that the injury sustained was a rupture of an intervertebral disc "beneath the fifth lumbar root" on claimant's left side; and that the ruptured disc was removed by Dr. Floyd H. Bragdon in an operation performed on February 19, 1947.

Claimant, at the time of the injury to his back, admittedly was performing his usual work in the usual manner but his claim, in the language averred in his petition, charges an injury compensable under the rule of *Gavula v. Sims Company,* 155 Pa. Superior Ct. 206, 38 A. 2d 482. In that case President Judge KELLER affirmed an award on a finding of a rupture of an intervertebral disc in the usual course of the claimant's employment. In holding that claimant's right to compensation was not controlled by the *Adamchick* case, he stated that the case came "within the well-established rule that a compensable injury may occur in the course of the normal duties of an employee and without overexertion, when a strain, sprain or twist causes a *break* or sudden change in the physical structure or tissues of the body—that is, a *fracture* of the bone or bony cartilage, or a *rupture* of the softer

tissues." And in *Rovere v. Interstate Cemetery Co.*, 164 Pa. Superior Ct. 233, 237, 63 A. 2d 388, we referred to a number of cases in addition to those cited in the *Gavula* case where we applied the principle "that disability of a *normal, healthy workman,* with no physical weakness, other than is common to all men, may be compensable though the result of muscular strain or internal lesion in the performance of ordinary manual labor usual to the employe's work."

The language of the claim petition in the instant case was notice of a claim for compensation on the now well-settled rule of the above cases. In his petition, as to the nature and cause of the injury, claimant averred: "Lifting empty soft drink case from one truck onto another, using both hands in a right to left direction, twisted back, felt sharp pain in the left lower back region." This averment raised the question of claimant's prior condition of health. And the Referee, having undertaken the development of claimant's case, well might have examined him to determine whether the injury was of a normal healthy spine or the result of a pre-existing disease or abnormal condition. Claimant at the time of the injury in this case still suffered a 15% residual disability in his right leg below the knee, from a former injury for which he was receiving compensation. Whether that disability affected his posture in transferring the cases from one truck to another or otherwise induced the injury to his back, barring compensation, was also a subject of inquiry. *Stufflet v. Fraternal Order of Eagles,* 164 Pa. Superior Ct. 473, 477, 65 A. 2d 443. And under the circumstances, bearing upon these questions, the Referee well might have suggested to claimant the importance of calling the physicians who attended him. Claimant alone testified in this case.

In support of his petition for rehearing claimant offers proof of his prior good health. And under the

circumstances it is not conclusive of claimant's right to a rehearing that before the Referee he did not unequivocally testify that he strained or twisted his back at the moment of experiencing pain, in the performance of his usual work. He did state in response to a somewhat involved question put to him by the Referee: "I could have been in the wrong position or twist." The subject was not pursued further to elicit from claimant whether or not the injury was actually caused by a "strain, sprain or twist." In this connection, bearing upon claimant's right to a rehearing, the affidavit of the surgeon who operated on claimant is to the effect that if called as a witness he would testify that in his opinion the rupture of the disc resulted from the injury in September 1946, and that the "injury is of a type not likely to occur unless some unusual exertion, strain or twist was made."

One of the objects of the compensation law is to give a claimant full opportunity to present any competent evidence that is available so that the fact finders may reach the real merits of the case. *Petrovan v. Rockhill C. & I. Co.,* 130 Pa. Superior Ct. 58, 64, 196 A. 516. In our view a rehearing is necessary in this case to do justice to this claimant.

Order reversed; the proceeding is remanded for determination on the merits after further hearing.