Shatto *v.* Bardinet Exports, Inc., Appellant.

Argued October 1, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Frank R. Ambler,* with him *Webster S. Achey,* for appellants.

*T. Sidney Cadwallader, 2d,* with him *David A. Clarke* and *Grim, Cadwallader & Darlington,* for appellee.

OPINION BY RHODES, P. J., November 15, 1951:

Claimant in this workmen's compensation case claimed compensation for total disability as the result

of an alleged accident sustained in the course of his employment with the defendant on December 19, 1948. The referee in awarding compensation found that claimant suffered a heart attack while shoveling snow in the course of his employment with defendant, and concluded that such event constituted an accident within the meaning of the Workmen's Compensation Act. The Workmen's Compensation Board affirmed the referee's findings of fact, conclusions of law, and the award. The Board in its opinion also said that claimant was not doing his usual work when he became ill, and indicated that his exertion in shoveling snow was the cause of his heart condition. The Board further stated that claimant had been examined by his physician a month or two before December 19, 1948, and that his heart auscultation was normal. The court below on appeal affirmed the Board on the ground that claimant was entitled to the inference that his heart was injured by unusual exertion or overexertion. From the judgment entered against defendant, defendant and its insurance carrier appealed.

Claimant was 66 years of age and employed by defendant as a watchman, having various duties in and about defendant's plant. He had been employed by defendant for four years. Previously he had worked as a carpenter, but abandoned this employment following a "cerebral episode" in 1944. Prior to December 19, 1948, claimant had been treated for prostatitis, diabetes, and a sclerotic condition. His condition followed the cerebral episode or stroke in 1944. On December 19, 1948, there was a heavy snowfall in the vicinity of defendant's plant. It began about 6 p.m. and the snow reached the depth of approximately thirty inches to three feet. About 10 p.m., when the sidewalks required shoveling, claimant worked for ten to fifteen minutes and then went to the boiler room in defendant's plant where he stayed for twenty to thirty minutes. Later

he did some more shoveling and as he finished at 11 p.m. he became short of breath. He went home, and his physician diagnosed his ailment as coronary thrombosis with acute congestive heart failure. During the four years of his employment with defendant, shoveling snow was a part of his duties, contrary to the statement in the Board's opinion. Claimant testified: "Q. Before December 19 have you ever shoveled snow for them? A. Oh, yes. Q. How many times? A. Every time it snowed. . . . I was expected to do it."

We would be obliged to reverse the judgment of the court below if for no other reason than that the findings of the compensation authorities are insufficient to support an award. There is no finding of overexertion or unusual, abnormal, or extraordinary exertion,[1] or of muscular strain or of internal lesion[2] occurring in the performance of his usual work, and that claimant's disability was caused thereby. Apart from that, the judgment must be reversed, as the evidence would not support a finding and conclusion that claimant's disability was the result of an accident sustained in the course of his employment. The Board and the court below seemed to infer that the onset of coronary thrombosis was caused by some physical exertion constituting an abnormal effort on the part of claimant; but of such effort there is no proof. An accident is not inferred upon disability overtaking an employe in the performance of his usual duties. And the evidence in the present case does not establish that the circulatory condition causing his disability was the result of an unexpected exterior event occurring during the course of his employment. See *Good v. Pennsylvania Depart-*

[1] *Updegraff v. Pennsylvania Game Commission,* 163 Pa. Superior Ct. 112, 115, 116, 60 A. 2d 605.

[2] *Owatt v. Rodman's Beverage,* 169 Pa. Superior Ct. 339, 342, 343, 82 A. 2d 255; *Banks v. Brazee,* 165 Pa. Superior Ct. 268, 271, 67 A. 2d 631.

*ment of Property and Supplies,* 346 Pa. 151, 154, 30 A. 2d 434.

Claimant's physician testified that claimant previously had suffered a stroke, and, among other things, had arteriosclerosis, and that this condition was progressive; that effort could have caused claimant's acute congestive heart failure; and that he did not know what might have caused the acute myocardial infarction or the coronary thrombosis. Although his physician testified that a month or two previous to the snow shoveling incident he had examined claimant and found a mild hypertension but nothing that would have forewarned of any heart ailment, his testimony is on the whole indefinite and uncertain, and would not show any connection between claimant's disability and that occurrence. See *Frick v. Pittsburgh School District,* 167 Pa. Superior Ct. 431, 434, 74 A. 2d 659. The failure of the medical testimony to establish such causal connection was inevitable as no facts were present upon which to predicate an acceptable opinion. It may be dangerous, the physician testified, for men over forty years of age to shovel snow. The physician further testified: "Q. Do you attribute this heart attack to the exertion expended that night at the plant in the employment? A. I feel so." Moreover, the opinion of a medical expert based on assumed facts does not supply proof of an accidental injury. *Cope v. Philadelphia Toilet Laundry & Supply Co.,* 167 Pa. Superior Ct. 205, 208, 209, 74 A. 2d 775.

Claimant was performing that work which was usual and incidental to his employment. For four years he had shoveled snow as the occasion required, and it does not appear that the exertion on December 19th was any greater or any more unusual than on similar previous occasions. Obviously, claimant was doing only that which was necessary for the performance of his duties in the expected course of events. See *McFeeley*

*v. Brownsville School District,* 159 Pa. Superior Ct. 432, 435, 47 A. 2d 925. Upon the record and in view of claimant's physical condition, it is more reasonable to conclude that claimant's disability was the result of a normal amount of exertion necessary for the performance of his duties in the ordinary course of the work in which he was employed. In any event, there was no proof that his condition was the result of an accidental injury rather than the result of natural causes. Although the Workmen's Compensation Act should be liberally construed, we are obliged to recognize that it is an Act limited to providing compensation for accidental injuries.

Judgment is reversed, and is here entered for defendant.