Schaefer *v.* Central News Company, Appellant.

Argued September 28, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*John F. Donohue,* for appellant.

*Sheldon Tabb,* with him *Edward Davis* and *LeRoy Comanor,* for appellee.

OPINION BY ROSS, J., November 16, 1955:

The sole issue in this workmen's compensation case is whether the claimant, Joseph Schaefer, suffered an accident during the course of his employment.

On August 14, 1950, Schaefer, in the course of his usual employment, working in his usual manner, lifted two bundles of magazines, weighing about 150 pounds total, from his truck when he heard "something snap in (his) back". He was disabled thereafter for approximately 8 weeks. Since then he has returned to his regular employment, apparently cured. He filed a petition for compensation setting forth *inter alia* that "5. The nature and cause of the injury was dislocated disc." After hearing, the referee awarded compensation but the Board reversed the referee and set aside the award. The lower court in turn reversed the Board and reinstated the award made by the referee, and the employer has taken this appeal.

The Board's material findings of fact are as follows: "Second: We find, as a fact, from a preponderance of the testimony, that on August 14, 1950, claimant was performing his usual duties in a usual manner and that no unusual or fortuitous event took place other than the claimant felt something snap in his back.—Fourth: We further find as a fact, from a preponderance of the testimony, that claimant's disability is the result of the natural progress of a back condition from which he has been suffering since 1945 and was not the result of accident."

It is well settled that an accident cannot be inferred merely from disability overtaking an employe

in the performance of his usual duties. *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 3 A. 2d 377. *Simon v. Fine*, 167 Pa. Superior Ct. 386, 74 A. 2d 674. *Shatto v. Burdinet Exports, Inc.*, 170 Pa. Superior Ct. 16, 84 A. 2d 388. There must be clear proof of an accident. The testimony of claimant, that "something snapped" in his back is insufficient for this purpose. *Rupchak v. Westinghouse Electric & Mfg. Co.*, 161 Pa. Superior Ct. 228, 54 A. 2d 309. Here admittedly there is no evidence of an outward untoward event such as a slip, fall, loss of balance or the like. However, "a compensable injury may occur in the course of the normal duties of an employee and without overexertion, when a strain, sprain or twist causes a *break* or sudden change in the physical structure or tissues of the body—that is, a *fracture* of the bone or bony cartilage, or a *rupture* of the softer tissues." *Gavula v. Sims Co.*, 155 Pa. Superior Ct. 206, 212, 38 A. 2d 482. Cf. *Owatt v. Rodman's Beverage*, 169 Pa. Superior Ct. 339, 82 A. 2d 255.

The record here consists largely of the testimony of the claimant and his medical witness. Defendant relied principally on impeaching and weakening this testimony by prior written statements of both claimant and his doctor. No medical testimony was offered by defendant. It appears that prior to the instant disability, the claimant had back trouble in 1945 and 1948. On all three occasions he was treated by the same doctor, his medical witness. It was the doctor's belief that the 1945 and 1948 conditions were "low back strains" due principally to an osteoarthritic condition as well as slight degenerative changes in the lumbar and sacroiliac regions. He believed however that the present disability was a dislocated disc resulting from the trauma of the "snap". His written report on this matter, given previous to the hearing, contained the

diagnosis "acute lowback sprain", the same condition as in 1945 and 1948. He offered the explanation that this is a broad diagnostic term used to denote both the osteoarthritic condition as well as the dislocated disc. He admitted that the symptoms closely overlapped and that he was relying principally on the history given by claimant of a "snap" in placing the present disability in the category of a dislocated disc rather than in the osteoarthritic category.

Since the Board found against the claimant who had the burden of proof, our review will be limited to determining whether there was a capricious disregard of competent evidence—the doctor's testimony—in refusing to find in the claimant's favor. *Kostello v. Kostello*, 159 Pa. Superior Ct. 194, 48 A. 2d 25. The learned court below found that there was such capricious disregard—or disbelief—but we are unable to agree.

Obviously, since the Board could have completely disregarded the claimant's expert medical testimony, *Stufflet v. Order of Eagles*, 164 Pa. Superior Ct. 473, 477, 65 A. 2d 443, it could have accepted the *facts* testified to by this expert regarding the similarity of symptoms on the three occasions without accepting his *opinion* on the present cause; especially where as here, he previously gave a written diagnosis identical with the prior ones, as well as his frank admission that he distinguished this incident from the others primarily because of the "snap" heard by claimant. The testimony of a witness may be accepted or rejected in whole or in part by the Board. *Kline v. Kiehl*, 157 Pa. Superior Ct. 392, 396, 43 A. 2d 616. *Palady v. Reliance Steel Products Co.*, 165 Pa. Superior Ct. 370, 67 A. 2d 620.

There is in the record here substantial competent evidence from which the Board could have concluded

either that there was or was not an accident. Of necessity, the Board had to weigh the evidence produced by claimant in support of his claim. It could not, with fairness, flatly accept claimant's medical testimony, though uncontradicted, without considering all of the evidence, particularly the prior written diagnosis of the doctor which unquestionably tended to impeach his opinion expressed at the hearing. The Board might and obviously did, disregard the explanation offered as well as the opinion and still rely upon the factual testimony. In so doing, it acted not with caprice, but in the exercise of its deliberative function.

The claimant had full opportunity to present the complete circumstances of his case. The burden was upon him and he did not meet it. His doctor was allowed to testify fully and completely, offering detailed explanations. His contradictions, written and oral were resolved by the Board, and our examination of the record discloses no "capricious disregard of competent evidence" by the Board in disallowing an award.

Judgment reversed and here entered for defendant.