Landis *v.* General Motors Corporation, Appellant.

Argued November 14, 1955.   Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Gustav M. Berg,* with him *H. Reginald Belden,* for for appellant.

*R. E. Best,* with him *Smith, Best & Horn,* for appellee.

OPINION BY ROSS, J., January 17, 1956:

The sole issue in this workmen's compensation case is whether the claimant, Richard Landis, suffered an accident during the course of his employment.

Landis was employed by the defendant-appellant as a tool and die maker. His duties consisted of repairing and assembling various jigs and dies. On February 22, 1952, working at these duties in the normal course of his employment he found it necessary to use a wrench with a ten inch long water pipe for leverage in order to tighten one of the screws. This was his normal and usual procedure in such cases. What next occurred was described by claimant: "As I was pulling on the wrench, and I was pulling on it right hard to snug it down tight, I got a pretty sharp pain in the small of my back. It was more like a shock and startled me. I tried to straighten up but couldn't. I was bent over for a minute or so and I put my hand on my back and then I was able to straighten up. The back

ached probably twenty minutes or so and I had considered going into the hospital but it seemed to get better and I didn't go into the hospital at that time." He finished his shift and returned home. The next morning he had pain in his back but he reported to work, and after some time contacted his foreman who sent him to the company hospital where he was given heat treatments. He was disabled for but eleven days. Claim for compensation was made for an injury described as "twisted back causing ruptured intervertebral disc." An award by the referee was reversed by the Board, but on appeal was reinstated by the court below, and this appeal by the employer followed.

Since the claimant had the burden of proving all the elements necessary to support an award of compensation (*Giallonardo v. St. Joseph's College,* 177 Pa. Superior Ct. 87, 111 A. 2d 178) it was of course incumbent upon him to prove an accident. The mere disability occurring in the normal course of his work is insufficient to raise even an inference of accidental injury. *Adamchick v. Wyoming Valley Collieries Co.,* 332 Pa. 401, 3 A. 2d 377. *Simon v. Fine,* 167 Pa. Superior Ct. 386, 74 A. 2d 674. *Shatto v. Bardinet Exports, Inc.,* 170 Pa. Superior Ct. 16, 84 A. 2d 388. Here his own testimony indicates only that while doing his normal work in his normal manner claimant "felt a pretty sharp pain or shock" in his back. This, of course, is not sufficient to establish an accident. Cf. *Toohey v. Carnegie Coal Corp.,* 150 Pa. Superior Ct. 297, 28 A. 2d 362: "felt a sharp pain" or "twisted himself" held insufficient; *Apker v. Crown Can Co.,* 150 Pa. Superior Ct. 302, 306, 28 A. 2d 551: "felt a sharp pain" held insufficient; *Rupchak v. Westinghouse Electric & Mfg. Co.,* 161 Pa. Superior Ct. 228, 54 A. 2d 309; "felt something snap in his back" held not sufficient. See, also, *Schaefer v. Central News Co.,* 179 Pa. Supe-

rior Ct. 559, 118 A. 2d 268. Nor does the fact that claimant testified that he was "pulling on it right hard to snug it down tight" change the picture. "The doing of an occasional act involving sustained muscular effort, though the work is hard, will not support the inference of an accident if the act is of the kind and quality usual to the employment and normally part of the workmen's duties." *Wilcox v. Buckeye Coal Co.*, 158 Pa. Superior Ct. 264, 267, 44 A. 2d 603. Admittedly this was one of the claimant's normal methods of accomplishing the duties of his job. Likewise, where a pre-existing condition is involved, as there is some indication here, the mere aggravation thereof is not compensable in the absence of other evidence of an accident. *Garver v. B. K. Elliott Co.*, 155 Pa. Superior Ct. 511, 515, 38 A. 2d 533. *Turek v. Damalak*, 161 Pa. Superior Ct. 84, 53 A. 2d 748. Though over-exertion resulting in aggravation of a pre-existing condition is compensable, the claimant here has failed to show any *over*-exertion, the tightening of the screw in a manner which he described being nothing more than his normal exertion. Cf. *Garver v. B. K. Elliott Co.*, supra.

Admittedly claimant was not the victim of any outward untoward event which is normally considered an accident. Therefore it was his burden to show by competent evidence some injury which the compensation law recognizes as establishing an accident. *Vitanza v. Iron City Produce Co.*, 131 Pa. Superior Ct. 441, 445, 200 A. 311.

Employees who are injured in the usual course of their employment while doing their usual work in a usual manner without any outward untoward event are not precluded from compensation in all cases. ". . . a compensable injury may occur in the course of the normal duties of an employee and without over-exertion, when a strain, sprain or twist causes a *break*

or sudden change in the physical structure or tissues of the body—that is a *fracture* of the bone or bony cartilage, or a *rupture* of the softer tissues." *Gavula v. Sims Co.*, 155 Pa. Superior Ct. 206, 212, 38 A. 2d 482. Cf. *Owatt v. Rodman's Beverage*, 169 Pa. Superior Ct. 339, 82 A. 2d 255. Though claimant here instituted his claim on the basis that he had ruptured a disc, he produced no competent testimony or evidence whatever of such nor of any other break, rupture or fracture. Claimant's own doctor could not and did not testify to any such injury. He was cautious in his testimony and would make no commitment that claimant had a ruptured disc, and in fact stated frankly that he did not know whether it was a disc injury or a mere sprain.[1] Under the circumstances the Board had little choice but to refuse an award. The only evidence produced by claimant indicated to the Board as it does to us that no compensable accident occurred; there being nothing to indicate any physical "violence" to his body, either external or internal. *Camilli v. Pennsylvania R. Co.*, 135 Pa. Superior Ct. 510, 513, 7 A. 2d 129.

In dismissing the claim, the Board made these findings of fact on the question of accident: "Third: While the claimant was engaged in his regular duties as a die maker for the defendant on February 21, 1952, he was pulling on a wrench with a pipe for leverage and at this time felt a pain in his back", and "Sixth: While in the air corps in 1943, the claimant was seized with a pain in the same area of his back and this occurred again during the time of the big snow in November 1950.", the latter being based on claimant's own admis-

---

[1] He testified: "I want to make clear it is pretty hard to differentiate between a disc injury and a sprain because sprains are often in the disc interspace . . . I do not say there was disc involvement."

sion. The Board then concluded: "Second: The claimant has failed to prove that he sustained an accidental injury within the meaning of the provisions of the Workmen's Compensation Act."

The lower court in its opinion, after reviewing the evidence in detail, stated, ". . . the findings and conclusions of the Board should be overruled and those of the Referee reinstated." In short, basing its action upon *its* appraisal of the evidence, the lower court ordered the record remanded to the Board to reinstate the award of the referee in accordance with the court's opinion. This it did not have the power to do. *Bogavich v. Westinghouse Electric & Mfg. Co.*, 162 Pa. Superior Ct. 388, 393, 57 A. 2d 598. See, also, *Messikomer v. Baldwin Locomotive Works*, 178 Pa. Superior Ct. 537, 542, 115 A. 2d 853. The Board found that the claimant did not sustain his burden of proving a compensable accident. Consequently, as is so well settled, judicial review is limited to determining whether there has been a capricious disbelief of competent evidence and whether the findings of fact and of law are consistent inter se. Thus reviewing the record before us, we find no error in the Board's disallowance of an award.

Judgment reversed and here entered for the defendant.