McGaw *v.* Bloomsburg, Appellant.

Argued March 21, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Alvan Baird,* for appellant.

*Gailey C. Keller,* with him *Smith, Eves and Keller,* for appellee.

OPINION BY MONTGOMERY, J., June 13, 1969:

The claimant-appellee in this appeal, Beverly T. McGaw, is the widow of Alfred H. McGaw, deceased. She seeks workmen's compensation benefits for herself and her five minor children on account of the death of her husband while in the course of his employment as a policeman with the defendant-appellant, the Town of Bloomsburg.

The referee sustained the claim petition; but on appeal the Board denied it for the reason that the decedent did not suffer an "accident" within the meaning of the Workmen's Compensation Act. On further appeal to the lower court Honorable C. W. KREISHER, President Judge, determining that the finding of "no accident" by the Board was an erroneous *conclusion,* reversed and awarded compensation. The defendant appealed.

344

The facts are not in serious dispute. The decedent, age 38, had been a permanent member of the police force since September 12, 1965, after having served a six-month probationary period. On September 4, 1965 he had been given a physical examination by Dr. C. A. Laubach, who reported that he had made an excellent recovery from a myocardial infarction suffered four years before and was able to perform the duties of a police officer at the time of the examination. On November 15, 1965 at about 8:00 p.m., decedent and a fellow officer, Neil Pour, received a radio call while cruising in a police car. They responded by going to the home of Lester Harvey. On entering the kitchen of that home they found Lester Harvey and his son Dale, an adult person, engaged in a heated argument. The son was intoxicated and disorderly and challenged decedent to take him out, but at no time did either Dale Harvey or his father have any physical contact with the decedent. After being there one half hour, but before the discussion ended, the decedent left the kitchen, his fellow officer remaining. He walked out to the yard or lawn of the premises where he was found two minutes later lying down but conscious. He asked that he be administered a pill he was carrying and after that he seemed to recover. He then requested another pill which was administered. He was then removed to the hospital where he died at 10:30 a.m. on November 17, 1965. The cause of his death was given as coronary thrombosis.

In matters of this nature the findings of the Board prevail on appeal if there is competent and substantial evidence in the record to sustain it. *Gaughan v. Commonwealth*, 208 Pa. Superior Ct. 406, 222 A. 2d 446 (1966). The Board found that the decedent, in the course of his employment by defendant as a policeman, went to the home of Lester Harvey to subdue a

disturbance caused by a heated argument then taking place between Lester Harvey and his son Dale; the latter being drunk and disorderly at the time, that Dale Harvey challenged decedent to take him away, but at no time was there a physical touching of decedent, nor did decedent exert himself physically in the performance of his duties; and concluded that decedent did not suffer an "accident" within the meaning of the Workmen's Compensation Act.

The lower court, however, found as a fact that decedent "experienced an unusual stress and strain in the performance of his duties" and reversed the conclusion of the Board that no accident had occurred.

At the outset we must point out that the Board is the fact-finding body and it is not the prerogative of the lower court to usurp this privilege. *Puskarich v. Puskarich*, 174 Pa. Superior Ct. 581, 102 A. 2d 191 (1954); *Gill v. Fives*, 170 Pa. Superior Ct. 564, 88 A. 2d 109 (1952). However, aside from this reason to reverse the order of the lower court, which would result in a remand of the case for further findings, a stronger reason exists which compels the reinstatement of the order of the Board. We have repeatedly held that emotional excitement is not such a fortuitous, untoward or unexpected happening as to constitute an accident. *Everitt v. Baker Refrigerator Company*, 197 Pa. Superior Ct. 611, 180 A. 2d 114 (1962); *Hill v. Springfield Township Commissioners*, 193 Pa. Superior Ct. 12, 163 A. 2d 698 (1960); *Liscio v. S. Makransky & Sons*, 147 Pa. Superior Ct. 483, 24 A. 2d 136 (1942); *Fesenbek v. Philadelphia*, 144 Pa. Superior Ct. 99, 18 A. 2d 448 (1941); *Hoffman v. Rhoads Construction Company*, 113 Pa. Superior Ct. 55, 172 A. 33 (1934). Since *Everitt* we have spoken similarly in *Bussone v. Sinclair Refining Company*, 210 Pa. Superior Ct. 442, 234 A. 2d 195 (1967), wherein there was some dispute

as to the presence of physical impact as emphasized by the minority opinion written by Judge HOFFMAN, in which the writer of the present opinion joined.

In *Gaughan v. Commonwealth*, supra, and *DeEsch v. Emmaus Borough*, 143 Pa. Superior Ct. 225, 18 A. 2d 89 (1941), compensation was allowed because of the findings that death was caused by unusual physical exertion.

*Balaban v. Severe*, 157 Pa. Superior Ct. 463, 43 A. 2d 543 (1945), cited by appellee, is not in point since it involved something more than an alleged emotional experience. It involved unusual physical exertion to which the employe had not been accustomed.

We have examined the recent pronouncement of our Supreme Court in *Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A. 2d 601 (1969), which recognizes that heart cases should be determined on the basis of the work history of the individual involved and not according to the work pattern of his profession or occupation in general. However, that principle is applied in that case to a situation under the unusual strain doctrine, not emotional excitement.

Since there is no evidence of physical exertion in the present case, it is ruled by the cases cited above. For that reason there is no need to discuss the effect of decedent's pre-existing heart condition or his employer's knowledge of it.

The judgment of the lower court is reversed and the order of the Workmen's Compensation Board dismissing the claim petition of appellant is reinstated.