## McClintock v. J. E. Hurley Co., Inc.

*Edgar B. Bayley, Jr.*, for plaintiff.
*Gerald T. Sajer,* for defendant.

WEIDNER, J., February 22, 1972.—This is an appeal from a decision and order of the Workmen's Compensation Board disallowing a claim under the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §1. Claimant, Carl E. McClintock, was an employe of J. E. Hurley Co., Inc., from September 1967 until his injury on May 10, 1968. He was employed as a delivery man and yardman, which required considerable heavy lifting and strenuous work. On May 10, 1968, claimant was placing a table saw on 2 x 4's on the bottom of a pickup truck, preliminary to removing it from the truck. On laying it down on the 2 x 4 on the bottom of the pickup truck, he was struck with a sharp pain in the lower back region. After adverse decisions before the referee and the board, this appeal was filed.

Claimant asserts that the board capriciously disregarded competent evidence in refusing to allow recovery under the unusual pathological result doctrine, since admittedly no accident, as defined under the act, occurred and in finding that the claimant was predisposed to injury and that any disabling condition from which claimant suffers may be the result of activity other than that while employed by defendant.

The function and power of the court on an appeal from the decision of the Workmen's Compensation Board is limited to determining whether there has been a capricious disbelief of competent evidence and whether the findings of fact and of law are consistent

inter se: Landis v. General Motors Corp., 180 Pa. Superior Ct. 332 (1956).

In reviewing a workmen's compensation case, the appellate court should not weigh or evaluate the evidence or the inferences that may be drawn therefrom, but only determine whether the board's findings of fact are consistent with each other and with the conclusions of law, and can be sustained without a capricious disregard of competent evidence: Hilt v. Roslyn Volunteer Fire Company, 445 Pa. 149 (1971).

A reviewing court may not substitute its own findings of fact contrary to those found by the board, because the court believes them to be more appropriate. Unless there has been a capricious disregard of evidence or the findings of the compensation authorities are not supported by competent evidence, those findings made by the board are conclusive and have the weight of a jury verdict: Krischunas v. Philadelphia and Reading Iron Company, 296 Pa. 216 (1929).

Capricious disbelief is not merely disbelieving a witness; to constitute capricious disbelief there must be a willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth: Chilcote v. Leidy, 207 Pa. Superior Ct. 345 (1966).

Claimant admits that he did not suffer an accident on May 10, 1968. He was doing his ordinary and usual work in a normal and usual manner when he experienced the pain in his back; there was no sudden movement or anything unusual in the manner in which he was doing his work. Thus, there was no accident involved.

Claimant asserts that he is entitled to recovery under the unusual pathological result doctrine.

It is well established that where an unexpected and

unusual pathological result occurs through the performance by an employe of his usual work, there may be a compensable accident, which results from the extraordinary nature of the effect rather than in the cause. A compensable injury may occur in the course of normal duties of an employe and without over-exertion, when a strain, sprain or twist causes a break or sudden change in the physical structure or tissues of the body, that is, a fracture of the bone or bony cartilage or a rupture of the softer tissues. Recovery is allowed where a previously healthy employe suffers a heart attack or similar illness while doing work which calls for no unusual physical strain on the ground that it is assumed that the work must have contributed to the attack, since there was no history of a preexisting pathological disorder: Hamilton v. Procon, Inc., 434 Pa. 90 (1969); Sampson v. Bowman's Department Stores, Inc., 14 Cumb. L. J. 50 (1963); Landis v. Fisher Body Division, General Motors Corporation, 180 Pa. Superior Ct. 332 (1956); Corbeil v. A & P Stores, 213 Pa. Superior Ct. 1 (1968).

The only medical evidence in this case describes claimant's injury as an acute back sprain and straightening of the spine. There is absolutely no evidence of a break or fracture of the bone or bony cartilage or rupture of the softer tissue as defined in the cases. Claimant asks us to disregard these words and the true test and concentrate rather on the words strain, sprain and change of physical structure aspect of his condition. The courts have consistently rejected such an interpretation over the years, and time and time again the lower back injury cases have required a break, fracture or rupture in order to be compensable and where there is a mere sprain, no matter how severe, compensation has been denied. See Gavula v. Sims Company, 155 Pa. Superior Ct. 206 (1944); Landis v.

General Motors Corporation, 180 Pa. Superior Ct. 332 (1956).

In Williams v. Bonair Foundry Co., et al., 215 Pa. Superior Ct. 357 (1969), recovery was disallowed for severe sprain because there was no break or rupture resulting from the incident. This is exactly the situation in the instant case.

The board did not capriciously disregard competent evidence in refusing to find an unusual pathological result in this case, since there is no evidence of a break, fracture, or rupture of the bone or bony cartilage or rupture of the softer tissue.

Claimant also urges that the board capriciously disregarded competent evidence in finding that claimant was predisposed to back injury.

Since we find that claimant is not entitled to compensation under the unusual pathological result doctrine, a finding as to claimant's predisposition to back injury is not determinative of the case. Claimant's witness, Dr. Muller, was rather indefinite in his testimony regarding claimant's predisposition to back injury because of the condition called spondylolisthesis, which he defined as a slipping of the vertebra. . . . This witness did testify that claimant's condition was an acute sprain and a straightening of the vertebra which could result from a slipping of the vertebra. He took a somewhat neutral position in saying that he could not relate this to the injury of May 1968, but he did say that in a letter he had said that a condition like spondylolisthesis might predispose to something like the injury that claimant suffered. Any finding by the board would have been warranted on this testimony.

We cannot say that the board capriciously disregarded competent evidence in finding claimant predisposed to back injury due to his previous condition.

Claimant's objection to the board's finding that any disabling condition from which claimant suffers may be the result of activity other than that while employed by defendant is superfluous and not necessary to a decision in this case in any event. Since we find that the board did not capriciously disregard competent evidence in refusing to find an unusual pathological result, this is irrelevant.

### ORDER OF COURT

And now, February 22, 1972, the appeal is dismissed and the award of the Workmen's Compensation Board is affirmed.