# Chernetsky, Appellant, *v.* William Penn Stripping Company.

Argued December 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*W. J. Krencewicz,* for appellant.

*Penrose Hertzler,* for appellees.

*Bartel E. Ecker,* Special Assistant Attorney General, *Wilson H. Oldhouser,* Assistant Attorney General, and *David Stahl,* Attorney General, for Commonwealth, appellee.

OPINION BY WRIGHT, J., March 19, 1963:

This is a workmen's compensation case. We are here concerned with an appeal by claimant from an order of the Court of Common Pleas of Schuylkill County, affirming a decision of the Workmen's Compensation Board, wherein the claim petition was dismissed.

The record discloses that Edward Chernetsky was employed from 1914 to 1957 as a coal miner by various coal companies in the anthracite area. His last employment was with the William Penn Stripping Company, for which employer he had worked from October 28, 1949 to June 4, 1957, when the stripping operation ceased. On June 20, 1960, Chernetsky filed a claim petition alleging that he became totally disabled as the result of anthraco-silicosis on June 9, 1960. Answers to this petition were filed by the William Penn Stripping Company and the Commonwealth of Pennsylvania. At the hearing before the Referee on December 14, 1960, all issues other than the medical question were resolved by stipulation of counsel. Dr. E. J. Cook testified for the claimant. Dr. W. V. Dzurek testified for the employer, and Dr. L. R. Purcell testified for the Commonwealth. Because of the divergence of opinion, the Referee requested the appointment of an impartial physician. The Board thereupon appointed Dr. Matthew J. Drogowski, who testified at an adjourned hearing before the Referee on June 8, 1961. The Referee entered an order of disallowance on June 27, 1961, finding as a fact that claimant "was not totally dis-

abled by reason of anthraco-silicosis". On January 31, 1962, the Workmen's Compensation Board affirmed the decision of the Referee. On September 17, 1962, the decision of the Board was affirmed by the Court of Common Pleas of Schuylkill County. This appeal to the Superior Court followed.

We will briefly summarize the medical evidence. Dr. Cook testified that claimant was totally disabled as the result of "anthraco-silicosis in the early phase of advanced or third stage with bilateral emphysema". Dr. Dzurek testified that his examination disclosed "only incipient type of anthraco-silicosis . . . not considered of disabling type", and that claimant was not totally disabled. Dr. Purcell testified that his findings were "compatible with early second stage anthraco-silicosis complicated by moderately severe pulmonary emphysema", that claimant was not totally disabled because of anthraco-silicosis, and that "his disability is chiefly cardiac". Dr. Dragowski testified that his findings were "late first stage anthraco-silicosis, minimal to moderate emphysema, hypertension, cleft palate, aortic sclerosis and generalized arteriosclerosis", and that claimant was not totally disabled by anthraco-silicosis.

The burden was upon claimant to prove all of the elements necessary to support an award: *Hurlburt v. Fidelity Window Cleaning Co.*, 192 Pa. Superior Ct. 152, 160 A. 2d 251. It is readily apparent that the problem before the compensation authorities in the instant case was to determine whether claimant had met this burden of proof. "The extent of physical disability is a complex factual matter dependent upon many variables, and the determination of this question is within the province of the compensation authorities . . . as is also the question of the credibility of the witnesses and the weight of their testimony": *Bobbouine v. Rex Shoe Co. and Liberty Mutual Insurance Co.,*

200 Pa. Superior Ct. 273, 188 A. 2d 848. In a conflict of medical opinion, it is the province of the compensation authorities to decide which conclusion will be adopted: *Smith v. Pullman-Standard Car Manufacturing Co.,* 194 Pa. Superior Ct. 263, 166 A. 2d 299. Since the Board determined the pivotal factual issue against the claimant, the question on review is not whether the evidence would sustain a finding for claimant, but whether there was a capricious disregard of competent evidence in the refusal so to find: *Newman v. Congregation of Mercy and Truth,* 196 Pa. Superior Ct. 350, 175 A. 2d 160. And see *Wehr v. Philadelphia Derrick & Salvage Corp.,* 192 Pa. Superior Ct. 161, 159 A. 2d 924.

Appellant states the questions involved on this appeal as follows: "1. Where none of the medical testimony for the defendant completely negates total disability of the claimant as defined by the Pennsylvania appellate court cases, should not the record be remanded to the Board for further determination of this fact? 2. Should not the Court reverse and remand this case to the Board for further consideration with full instruction upon the points of law involved"? His argument is summarized in the following quotation from the brief: "There are two things lacking in the determination of this case . . . the first is a determination as to whether or not the claimant, even though not totally and permanently disabled due to anthraco-silicosis, is so disabled thereby that he can only do light work of a selective nature. There has been no testimony by anyone for the defendant that the claimant can do light work of a general nature. The second failing in this case is that some of the testimony is to the effect that the claimant's disability is due to a heart condition, yet there is nothing to rule out that this cardiac condition is not in anywise related to the anthraco-silicosis".

Notwithstanding our sympathy for appellant, we fail to perceive any merit in his contentions. To adopt his position would be to change the burden of proof. Appellant relies upon *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 104 A. 2d 104. However, as pointed out in the opinion of President Judge CURRAN, the *Unora* case has no application in the instant factual situation. While workmen's compensation statutes are to be liberally construed, their purpose is not to insure the life and health of employes. See *Rettew v. Graybill,* 193 Pa. Superior Ct. 564, 165 A. 2d 424. Our review of this record discloses no capricious disregard of competent evidence in the refusal of the Board to find that appellant was totally disabled as a result of anthracosilicosis.

Order affirmed.