Billick *v.* Republic Steel Corporation, Appellant.

268

Argued April 10, 1968. Before WRIGHT, P.J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Herman M. Buck,* with him *Harry Humbert,* and *Ray, Buck, John & Hook,* for appellant.

*George B. Stegenga,* with him *John I. Hook,* for appellee.

OPINION BY WRIGHT, P.J., June 12, 1969:

This is a workmen's compensation case. Anna Billick filed a claim petition alleging that her husband, Mike Billick, sustained a fatal heart attack as the result of an accident while in the course of his employment by the Republic Steel Corporation. The employer denied that an accident had occurred. The Referee dismissed the claim petition. The Board af-

firmed the decision of the Referee. The Court of Common Pleas reversed the decision of the Board and, in effect, remanded the case for the entry of an award in favor of the claimant. The employer has appealed. The factual situation appears in the following excerpt from the Board's opinion:

"On February 14, 1961, the deceased, aged 56, was employed as a timberman at the Clyde Mine of the defendant. The deceased's job involved the installation and removal of the wooden supports used in the mine. The timbers and planks regularly used varied from three to ten inches in thickness and ten to sixteen feet in length.

"On February 14, 1961, the deceased reported to work at 3:00 p.m. From about 8:00 p.m. to 8:45 p.m. on that day the deceased and Steve Ludrosky, another timberman, were engaged in removing planks from a bridging job. The bridge consisted of 10 foot planks fastened to 3 larger beams covering a soft spot on the floor of the entry in which the deceased's mining crew was working. The process of dismantling the bridge required Ludrosky and Billick to work for a short period beyond the time when they usually ate their dinner. Returning to work at 9:15 p.m., Billick became ill and stopped working. Approximately 35 minutes later the foreman, William Freeman, sent him to the man trip car some 200 feet away to rest. A short time later Freeman, when checking on the deceased, found him unconscious, revived Billick with ammonia inhalers and then made arrangements to have him transported to the outside on a stretcher in the man trip car. On the way out, Billick died.

"An autopsy by Dr. James Hicks revealed that the death was caused by thrombotic and atherosclerotic occlusion of the left anterior descending coronary artery. The autopsy report indicated that the deceased had a pre-existing condition of advanced arteriioscler-

osis, involving coronaries, aorta, renals, spleen and iliac arteries".

Claimant's case is based on the theory that an accident occurred because her husband had engaged in unusual exertion. It is argued by her counsel (1) that the task in question was not usual work for the decedent, (2) that there was unusual strain, (3) that there was a causal connection between such strain and decedent's death, and (4) that the Board capriciously disregarded competent and credible evidence in refusing to so find. The factual finding by the Referee was that the decedent did not suffer an accident. This finding was affirmed by the Board which stated in its opinion that decedent's activities did not involve "a materially greater amount of exertion or risk than was usually required of the deceased in the course of his employment". The court below reviewed the evidence and came to a different conclusion. In so doing it improperly usurped the fact finding function of the compensation authorities.

In *Carey v. Philadelphia Ship S. & L. Co.*, 209 Pa. Superior Ct. 306, 228 A. 2d 12, allocatur refused 209 Pa. Superior Ct. xxxix, claimant suffered a heart attack while attempting to move a piece of equipment after a heavy snow. The compensation authorities refused to find that there was an accident. After reviewing the evidence the lower court came to a contrary conclusion. In reversing, we restated the applicable legal principles as follows (citations omitted) : "It was claimant's burden to prove all of the elements necessary to support an award, and it was for the Board to determine from the evidence whether claimant had sustained that burden. . . The finding of the Board that claimant had failed to sustain the burden resting upon him was a pure finding of fact. . . The Board is the final arbiter of the facts, and the evidence must be viewed in the light most favorable to the party hav-

ing the Board's decision. . . Where, as in the instant case, the Board properly concludes that claimant was engaged in the performance of his customary work, the finding of the Board is binding on the reviewing court. . . Since the compensation authorities found against the party having the burden of proof, the question on appeal is not whether the findings of fact are supported by the evidence, but whether there has been a capricious disregard of competent evidence".

It is our view that the instant appeal is clearly ruled by the *Carey* case. While the Workmen's Compensation Act should be liberally construed, its purpose is to compensate for accidental injuries and not to insure the life and health of an employe: *Rettew v. Graybill*, 193 Pa. Superior Ct. 564, 165 A. 2d 424. It has long been the law in this Commonwealth that an accident may not be inferred from the fact that an employe sustains a heart attack as the result of exertion necessary for the performance of his usual duties: *Crispin v. Leedom & Worrall Co.*, 341 Pa. 325, 19 A. 2d 400; *Good v. Pennsylvania Department of Property and Supplies*, 346 Pa. 151, 30 A. 2d 434; *Sadusky v. Susquehanna Collieries Co.*, 139 Pa. Superior Ct. 595, 12 A. 2d 828; *Bonaduce v. Transcontinental Gas Pipe Line Corp.*, 190 Pa. Superior Ct. 319, 154 A. 2d 298; *Urbasik v. Johnstown*, 198 Pa. Superior Ct. 232, 182 A. 2d 90; *Pudlosky v. Follmer Trucking Co.*, 206 Pa. Superior Ct. 450, 214 A. 2d 270. The doing of an occasional act involving sustained muscular effort may be part of the usual duties of a workman and, though the work is hard, if it is of the same kind and quantity and done in the same manner as it has been performed in the past, disability resulting from the exertion does not constitute an accident: *McGowan v. Upper Darby Pet Supply*, 207 Pa. Superior Ct. 329, 217 A. 2d 846.

Our Supreme Court has recently stated in *Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A. 2d 601, that the unusual strain doctrine is to be applied according to the work history of the individual involved and not according to the work patterns of his profession in general. That is what the Board did in the instant case, and the record discloses that the doctrine was properly applied.

In summary, the issue as to whether claimant had met the burden of proving unusual exertion by her husband was a question for determination by the compensation authorities, not by the court. It should be here noted that, in each of the cases relied upon by the appellee[1], the Board had made a factual finding of unusual exertion and the question for review was whether the evidence supported that finding. In the case at bar the Board expressly refused to make a finding of unusual exertion. We perceive no capricious disregard of competent evidence and are of the opinion that the Board's decision should not have been disturbed.

The order of the court below is reversed, and the order of the Board is reinstated.

---

[1] *Manikowski v. Morris Run Coal Mining Co.*, 163 Pa. Superior Ct. 118, 60 A. 2d 344; *Lemmon v. Penna. Dept. of Highways*, 164 Pa. Superior Ct. 254, 63 A. 2d 684; *Nelson v. Borough of Greenville*, 181 Pa. Superior Ct. 488, 124 A. 2d 675; *Morgan v. Michael Baker, Jr., Inc.*, 204 Pa. Superior Ct. 521, 205 A. 2d 668; *Gaughan v. Commonwealth*, 208 Pa. Superior Ct. 406, 222 A. 2d 446.