374 A.2d 689

**WORKMEN'S COMPENSATION APPEAL BOARD of the Commonwealth of Pennsylvania and William H. Collier, Appellant,**

**v.**

**OVERMYER MOLD COMPANY, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1976.

Decided June 3, 1977.

Reargument Denied July 6, 1977.

Thomas W. Scott, Killian & Gephart, Harrisburg, for appellant.

Ralph A. Davies, Thomson, Rhodes & Grigsby, Pittsburgh, Linton L. Moyer, James N. Diefenderfer, Allentown, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

OPINION

MANDERINO, Justice.

Section 306(f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531, provides for payment by the employer for ". . . reasonable surgical and medical services, services provided by duly licensed practitioners of the healing arts, medicines, and supplies, . . . " made necessary by a work related injury to an employee. On November 17, 1972, while in the employ of appellee, Overmyer Mold Company, appellant, William H. Collier, suffered a work-related injury to his lower back. Following his injury, appellant consulted one Dr. Testa, a physician engaged in the general practice of medicine, who had been designated by appellee as one of five authorized treating physicians in accordance with Section 306(f) of the Workmen's Compensation Act.

After three visits, Dr. Testa told appellant that he could not do him any good, and that appellant should seek work involving less strenuous physical exertion.

Appellant then consulted one Dr. Andrew Krupar, a Doctor of Chiropractic, and after a three month period of treatment, was sufficiently recovered from the effects of the November 17, 1972, injury that he was able to return to his previous job without any disability or other problem.

When appellant presented the chiropractor's bill to appellee, payment was refused. Appellant then filed a claim with the Bureau of Workmen's Compensation seeking reimbursement. A hearing was held before an appointed Workmen's Compensation Referee who concluded that the $210.00 chiropractor's fee was a legitimate medical expense incurred as the result of a work related injury within the meaning of the Workmen's Compensation Act, and that appellee was therefore liable under Section 306(f) for its payment.

Appellee appealed the referee's decision to the Workmen's Compensation Appeal Board (Board), which affirmed that decision in an opinion dated November 26, 1974. Appellee then appealed to the Commonwealth Court, argument was held before a three judge panel, and a decision and opinion was filed on July 25, 1975, reversing the decision of the Board and denying appellant's request for compensation. *Workmen's Compensation Appeal Board v. Overmyer Mold Co.*, 20 Pa.Cmwlth. 456, 342 A.2d 439 (1975). We granted appellant's petition for allowance of appeal, and this appeal followed.

Appellant presents several arguments in support of his contention that the Commonwealth Court's decision was in error. Because we agree with appellant that Section 306(f) of the Workmen's Compensation Act requires appellee to pay the claim at issue, we need not now address the other issues raised.

Section 306(f), reads pertinently as follows:

"The employer shall provide payment for reasonable surgical and medical services, services rendered by

duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed: Provided, That the employe may select a duly licensed practitioner of the healing arts of his own choice, *unless at least five physicians* shall have been designated by the employer or by the employer and the employe's representative by agreement, in which instances the employe shall select a *physician* from among those designated . . . If the employe shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal." (Emphasis added.)

In reversing the Board's award of compensation, the Commonwealth Court concluded that Section 306(f)'s provision that " . . . the employe may select a duly licensed practitioner of the healing arts of his own choice, unless at least five physicians shall have been designated by the employer . . . , in which [instance] the employe shall select a physician from among those designated . . . ." meant that "- . . . the employe choosing medical services other than those provided by [the] designated physicians, without authorization of the employer or the designated physician, should not have reimbursement for such other services." 20 Pa.Cmwlth. 460, 342 A.2d 441. We believe this conclusion rests on an erroneous interpretation of the language of Section 306(f).

■ The pertinent part of Section 306(f) makes reference to "practitioners of the healing arts," and to "physicians". These terms are not synonymous. They have distinct statutory definitions. The Statutory Construction Act defines "healing art" as "[t]he science of diagnosis and treatment in any manner whatsoever of disease or any ailment of the human body." 1 Pa.C.S.A.

§ 1991. A "practitioner of the healing arts" is therefore one who engages in, applies, or makes use of, " . . . the science of diagnosis and treatment . . . of disease . . . " and other ailments of the human body.

"Physician," on the other hand, is defined by the Statutory Construction Act as follows:

" . . . an individual licensed under the laws of this Commonwealth to engage in the practice of medicine and surgery in all of its branches within the scope of the act of June 3, 1911 (P.L. 639) relating to medicine and surgery and its amendments, or in the practice of osteopathy or osteopathic surgery within the scope of the act of March 19, 1909 (No. 29) and its amendments."
1 Pa.C.S.A. § 1991.

Keeping in mind the distinction between "practitioners of the healing arts" and "physicians," we are unable to conclude that the *unless* clause of 306(f) was intended to take away rights clearly given to the employee by those portions of the section preceding the *unless* clause. The section plainly starts out by requiring the employer to pay for services rendered by any duly licensed practitioner of the healing arts. It then provides that the employee may select any duly licensed practitioner of the healing arts he or she chooses. These portions of the section would clearly entitle appellant to the payment of the $210.00 bill. This was a bill rendered by a practitioner of the healing arts, and no issue has been raised concerning the necessity for the services or the reasonableness of the charges.

The issue is whether the duty of the employer and the right of the employee specified in the first portion of the section were intended to be taken away by the *unless* clause. The only restriction contained in the *unless* clause is the limitation on the employee's freedom of choice when choosing a *physician,* and then only if the em-

ployer has designated at least five physicians. Appellee would have us read this clause to mean that when five physicians have been designated, the employee shall select a physician *and no other practitioner of the healing arts.* Even were we to concede that such an interpretation is plausible, it is not the only reasonable interpretation. As appellant has argued, it is also reasonable to interpret the *unless* clause to mean that the employee must choose one of the designated physicians *if* the employee chooses to use a *physician.* If the employee does not choose to use a physician, the *unless* clause is not applicable. In the absence of a clear legislative mandate that an employee's right to use any practitioner of the healing arts is taken away when five physicians are designated, we decline to accept appellee's interpretation.

■■ Our interpretation of Section 306(f) more fully comports with the purpose of the Workmen's Compensation Act: to compensate employees for accidentally inflicted work related injuries. *Monahan v. Seeds and Durham,* 336 Pa. 67, 6 A.2d 889 (1939). The Act is designed to speedily adjudicate and protect the employee's rights. *See Taylor v. Ewing,* 166 Pa.Super. 21, 70 A.2d 456 (1950), and *Jester v. Electric Power Const. Co.,* 113 Pa.Super. 177, 172 A. 154 (1934). To accomplish this purpose it has been repeatedly said that the Act should be liberally construed. *See Billick v. Republic Steel Corp.,* 214 Pa.Super. 267, 257 A.2d 589 (1969); *Chernetsky v. William Penn Stripping Co.,* 200 Pa.Super. 277, 188 A.2d 770 (1963); *Shatto v. Bardinet Exports,* 170 Pa.Super. 16, 84 A.2d 388 (1951); *Cope v. Philadelphia Toilet and Laundry Supply Co.,* 167 Pa.Super. 205, 74 A. 2d 775 (1950). As stated by the Superior Court in *Dupree v. Barney,* 193 Pa.Super. 331, 336, 163 A.2d 901, 904 (1960),

"It may be trite to again point out that the Workmen's Compensation Law is a remedial Act passed for

the benefit of workers, authorized by the police powers of the State and is frequently referred to as a humanitarian measure. The Workmen's Compensation Act was passed for the purpose of protecting workmen. [Citation omitted.] For this purpose it must be liberally construed."

Our interpretation of Section 306(f) is made with these precepts in mind. The purpose of the section is to secure " . . . payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed . . . " to treat an employee for his or her work related injury. An employee's rights to such treatment are more fully protected if the choice as to the kind of treatment desired is left as much as possible with the employee. If the legislature had intended to restrict the employee's rights to choose "any practitioner of the healing arts," it could have limited that choice by allowing the employer to designate certain "practitioners of the healing arts" from which the employee was to choose. This the legislature did not do. Instead, we believe the legislature intended only to limit the employees choice as to "physicians," if the employee desired to be treated by a "physician," and if the employer had designated five "physicians" in accord with the statute.

Order of the Commonwealth Court is vacated, and the order of the Workmen's Compensation Appeal Board, awarding appellant compensation in the amount of $210.-00, is reinstated.

NIX, J., did not participate in the consideration or decision of this case.

JONES, former C. J., did not participate in the decision of this case.

POMEROY, J., filed a concurring opinion.

POMEROY, Justice, concurring.

Although I agree with the majority that section 306(f) of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531, requires appellee to pay for the chiropractor services incurred by appellant in connection with his work related injury, I cannot join in the majority's interpretation of section 306(f).

Section 306(f) provides in pertinent part as follows:

The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed: Provided, That the employe may select a duly licensed practitioner of the healing arts of his own choice, *unless at least five physicians shall have been designated by the employer . . . in which instances the employe shall select a physician from among those designated.* . . . (Emphasis added).

Relying upon the discrete definitions of "healing art" and "physician" contained in the Statutory Construction Act, 1 Pa.C.S.A. § 1991, the majority interprets the italicized portion of the above quoted section to mean that in the event that the employer designates five physicians, the employee must choose from those so designated only if the employee desires the treatment of a physician; if the employee does not choose to consult a physician, the majority concludes that the "unless" clause of section 306(f) is inapplicable. I am unable to agree.

The provision of section 306(f) allowing employers to designate five physicians and, when the employer does so, requiring the employee to "select a physician from among those designated," obviously was intended to accord employers some measure of control over the services obtained by the employee without unreasonably restricting the employee's freedom of choice. The majority's interpretation renders the proviso clause of section 306(f)

almost meaningless and fails to effectuate what seems to be the clear legislative intent.

In my view, the proviso clause of section 306(f) must be read as a whole, and the legislature's use of terms which although having similar connotations are differently defined should not be held to overrule the obvious meaning of the clause. So read, the clause means exactly what it says: the employee is free to make his own selection of a duly licensed practitioner of any of the healing arts *unless* the employer designates at least five physicians, in which case the employee must select one of the physicians so designated.[1] Such a straight-forward reading insures that the purpose of the clause is fulfilled.

There is nothing in the language or purpose of section 306(f), however, which can reasonably be construed as precluding an employee who consults one of the employer's designated physicians from seeking the services of another practitioner of the healing arts in the event that the consulted physician tells the injured employee that he the doctor is unable to help him. That was the situation in the case at bar. Appellant first sought the services of Dr. Testa, a physician designated by appellee pursuant to section 306(f). Only after Dr. Testa informed appellant that the doctor could not help him did appellant seek the services of Dr. Krupar, a doctor of chiropractic. In my view, therefore, appellant fully complied with the requirements of section 306(f), and appellee must pay for the services rendered by Dr. Krupar. Hence, I concur in the result reached by the majority.[2]

1. Had the legislature intended the proviso clause of section 306(f) to have the meaning that the majority ascribes to it, the legislature undoubtedly would have phrased the clause differently. For example: "Provided, That the employe may select a duly licensed practitioner of the healing arts of his own choice, *but if* the employe desires to select a physician, and at least five physicians shall have been designated by the employer, then the employe shall select a physician from among those designated."

2. There is no dispute that section 306(f) requires an employer to pay for "services rendered by duly licensed practitioners of the healing arts." Moreover, appellee does not claim that chiroprac-

tors are not practitioners of the healing arts, nor does appellee
challenge the necessity of Dr. Krupar's services or the reason-
ableness of his charges.