Guy Cuffey, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and SEPTA, Respondents.

Argued March 13, 1980, before Judges Wilkinson, Jr., Mencer and MacPhail, sitting as a panel of three.

*Brian R. Steiner,* for petitioner.

*John C. McFadden,* with him, *Daniel J. McAleer* and *Thomas F. McDevitt,* for respondents.

OPINION BY JUDGE WILKINSON, JR., April 3, 1980:

Petitioner (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) dismissing claimant's appeal from the order of the referee refusing to award reimbursement for certain medical bills. We affirm.

Claimant worked as a bus operator for Southeastern Pennsylvania Transportation Authority (employer). On Saturday, July 30, 1977 claimant suffered neck and back injuries when a truck rammed into the front of the bus he was operating, for which injuries he received workmen's compensation benefits. Claimant received outpatient treatment, including x-rays, at a hospital, and the resulting bills were paid by employer. On Monday, August 1, 1977 claimant was examined by the employer's company physician, who prescribed a specific pain medication and bed rest. Without the knowledge of employer or its company physician, claimant went to see an osteopath on August 5, 1977. That doctor prescribed physical therapy thrice weekly in addition to the medication claimant was already taking. On August 8, 1977 employer provided claimant with a list of five physicians from which claimant was authorized to select a specialist for further treatment. Claimant subsequently selected an orthopedic surgeon from the list, and sched-

uled an appointment with him on August 25, 1977. There is nothing in the record to show he considered this date unsatisfactory at the time. He later cancelled the appointment. From August 25 to 31, 1977 claimant was admitted by the osteopath as an inpatient at a second hospital, during which stay another physician examined claimant and injected him with cortisone on several occasions. Employer paid all other workmen's compensation benefits but refused to reimburse claimant for the bills he incurred for the hospital stay and for treatment by the osteopath and by the physician at the hospital.

In rejecting claimant's claim petition both the referee and the Board concluded that claimant supplemented the medical treatment offered by employer and the services of the designated physicians with unauthorized treatment.[1] Claimant here argues that it is employer's duty to reimburse claimant for those medical bills because employer was unable to assure claimant proper medical care.

At the time of claimant's injury, Section 306(f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §531, provided in pertinent part:

> The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed: Provided, That the employe may select a duly licensed practitioner of the healing arts of his own choice, unless at least five physicians shall have been designated by the

---

[1] The referee's third finding of fact was:

3. The employer, SEPTA, provided payments for reasonable medical services rendered by duly licensed practitioners selected from their list of five designated physicians.

employer . . . in which instances the employe shall select a physician from among those designated. . . . If the employe shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal.[2]

That section has been construed by the Pennsylvania Supreme Court to mean that where the employee chooses to be treated by a physician and the employer provides a list of at least five, the employee must select a physician from among those designated; where the employee does not choose to use a physician, the employee may be treated by any duly licensed practitioner of the healing arts he or she chooses. *Workmen's Compensation Appeal Board v. Overmyer Mold Co.*, 473 Pa. 369, 374 A.2d 689 (1977). In the instant case claimant has all along chosen treatment by a physician.

Claimant contends that an employer is required to pay for medical services obtained by an employee to supplement what he considers inadequate medical services from a designated physician and cites *Overmyer Mold, id.* A careful reading of that case does not find such a ruling. The only case found on this point is *Chamberlain Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 486, 308 A.2d 177 (1973), where this Court held that an employee was entitled to recover medical and surgical expenses where the medical services rendered the employee by the company doctor were found by the referee to be inadequate and the employee acted prop-

---

[2] Act of December 5, 1974, P.L. 782, No. 263, §10.

erly in obtaining other professional treatment. However, in the instant case the referee has found the medical services provided by employer to be reasonable.

The resolution of conflicts in testimony and questions of credibility are for the referee. *Mathies Coal Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 120, 399 A.2d 790 (1979).

Accordingly, we will enter the following

#### ORDER

AND Now, April 3, 1980, the order of the Workmen's Compensation Appeal Board, Docket No. A-75265, dated June 13, 1979, dismissing the appeal of Guy Cuffey, is affirmed.