ACF Industries, Incorporated, AMCAR — Division, Petitioner *v.* Workmen's Compensation Appeal Board (Brown), Respondents.

Argued November 16, 1983, before Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*H. William Koch,* with him *Christopher J. Foust, Koch & Foust,* for petitioner.

*Mark S. Refowich, Fishbone, Refowich & Scheer,* for respondents.

OPINION BY JUDGE BARBIERI, February 10, 1984:

ACF Industries, Inc.—AMCAR Division (ACF), is before us on an appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision directing payment of certain medical expenses incurred by the claimant, Dean C. Brown, as a result of a work related injury. We will affirm.

Claimant suffered a reinjury in the form of a hernia at the site of a previously repaired hernia on January 24, 1980. He brought this to the attention of the employer's medical department where he was examined by the company physician, Dr. Charles Woodcock, a board certified general surgeon. Dr. Woodcock was among a list of seven (7) physicians posted by the employer, apparently in compliance with the "designated physician" provisions of Section 306(f)(1) of The Pennsylvania Workmen's Com-

pensation Act,[1] 77 P.S. §531(1). Claimant did not avail himself of the services of any of the list of seven physicians, whose names were posted by the employer, but turned to the surgeon who had previously repaired the left side hernia which broke down in the injury on January 4, 1980, to set up a time for surgery. The charges for surgery and other medical services were incurred during the disability period from March 10 to June 11, 1980, for which compensation was duly awarded. The question before this Court is whether or not the employer is obligated to pay for this medical care, since claimant failed to avail himself of the services of any of the "designated physicians."

Section 306(f)(1), as amended in 1978, which is the version applicable here, provides:

(1) The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed: Provided, That if a list of at least five designated physicians or other duly licensed practitioners of the healing arts or a combination thereof is provided by the employer, the employe shall be required to visit one of the physicians or other practitioners so designated and shall continue to visit the same or another physician or practitioner *for a period of fourteen days from the date of the first visit. Subsequent treatment may be provided by any physician* or any other duly licensed practitioner of the healing arts or a combination thereof, *of the employes own choice, and such treatment shall be paid for by the employer.* Any employe who next follow-

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

ing the termination of the fourteen-day period is provided treatment from a physician or other duly licensed practitioner of the healing arts who is not one of the physicians or practitioners designated by the employer, shall notify the employer within five days of the first visit to said physician or practitioner. *However, if the employe fails to so notify the employer, the employe shall suffer no loss of rights or benefits to which he is otherwise entitled under the act.* (Emphasis added.)

ACF contends that a failure to accept one of the designated physicians works a forfeiture of claimant's right to have his medical expenses for this work-related injury paid by the employer. Claimant's answer is that the period of fourteen days is provided by the legislature, not to permit a forfeiture, but only "to ferret out minor cases and small claims which could be treated within the short period of fourteen days." The Board, in affirming the referee, stated:

The defendant relies on 306(f)(1) of the Act to deny benefits. That section does not speak of forfeitures for failure to comply with the Act. Defendant cites Workmen's Compensation Appeal Board vs. Overmyer Mold Company, 374 A.2d 689 (1974) and Cuffy vs. Workmen's Compensation Appeal Board, 412 A.2d 919 (1980). We distinguish both cases because they deal with a prior section of the Act. In view of the humanitarian nature of the Act, we will not condone a forfeiture of rights without a clear legislative mandate.

Without the need to invoke the humanitarian purposes sought to be served by the Workmen's Compensation laws, we feel that a reading of the relevant provisions of Section 306(f)(1), quoted above, leads

irresistibly to the conclusion that no forfeiture may be visited upon the claimant in this case and that the employer is responsible to pay for medical expenses incurred during the period of claimant's compensable disability as found by the referee.

First of all, the employer's physician, Dr. Charles Woodcock, who examined claimant on the day of the injury, January 24, 1980, being one of the designated physicians, may be taken to be one of the so designated physicians. In addition, claimant did not seek immediate medical care or surgery for the repair of the hernia, but apparently continued to work, after setting a date for surgery with the physician who had previously repaired the left hernia. Without seeking to resolve the rationale for the legislature's action in fixing a preliminary period of fourteen days, there can be no question that claimant was free to seek his own medical treatment, to be paid for by his employer, after that period had run. To emphasize the unmeritorious character of ACF's contention for forfeiture, we need only point out the language of the Legislature, fixing only one condition on the selection of his own physician by claimant after the 14 days' period, that he "notify the employer within five days of the first visit to said physician," and the clinching provision that follows specifically disavowing forfeiture of any "rights or benefits to which [Claimant] is otherwise entitled under the act."

Furthermore, we agree with the conclusion reached by the Board that the Supreme Court's decision in *Workmen's Compensation Appeal Board (Collier) v. Overmyer Mold Co.*, 473 Pa. 369, 374 A.2d 689 (1977) and our decision in *Cuffey v. Workmen's Compensation Appeal Board (SEPTA)*, 50 Pa. Commonwealth Ct. 306, 412 A.2d 919 (1980), are inapposite, since the version of Section 306(f) under which

they were decided has been rewritten by the legislature in the amendatory Act of 1978, the relevant portion of which, Section 306(f)(1), is quoted above.[2]

Accordingly, we hold that under the circumstances in this case, the employer is obligated to pay for the claimant's medical expenses during the period of his disability and we will accordingly affirm the order of the Workmen's Compensation Appeal Board.

## ORDER

Now, February 10, 1984, the order of the Workmen's Compansation Appeal Board dated January 20, 1983, at No. A-82870, is affirmed.

---

[2] The right of the claimant to the physician of his own choice to "be paid for by the employer . . . following the termination of the fourteen-day period" was established in the 1978 amendment.