652 A.2d 1301

Thomas R. MARTIN, Appellant,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(EMMAUS BAKERY), Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 8, 1994.

Decided Jan. 23, 1995.

Charles I. Artz, James J. Kutz, Harrisburg, for T.R. Martin.

Charles F. Smith, Jr., Jim Thorpe, Deborah H. Evangelou, Peter J. Weber, Philadelphia, for Emmaus Bakery.

Norman R. Haigh, Secty. for W.C.A.B.

Before NIX, C.J., FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

On June 2, 1989, Thomas R. Martin, Appellant, injured his lower back during the course of his employment with Emmaus Bakery, Appellee. Appellant was totally disabled due to the injury which was diagnosed as a possible disc herniation, the type of injury which is routinely treated by chiropractic manipulation and physiotherapy. Appellant immediately began chiropractic treatment with Dr. Gary Tarola, a Board certified specialist in chiropractic orthopedics. As a result of the

chiropractic treatment and physiotherapy, Appellant was able to return to work on June 9, 1989, seven days after his work-related injury.

Appellee denied payment for the first two weeks of chiropractic care provided by Dr. Tarola to Appellant. The Workmen's Compensation referee found as fact that the treatment rendered to Appellant during the first fourteen days after his work-related injury was both "reasonable and necessary." (Referee's Finding of Fact number 7). However, the referee denied Appellant's claim petition seeking reimbursement. In rendering his decision, the referee concluded that despite Appellee's posting of a panel of physicians in accordance with Section 306(f)(1) of the Pennsylvania Workmen's Compensation Act (the Act) of June 2, 1915, P.L. 736, as amended, 77 P.S. § 531(1), Appellant, instead, elected to seek treatment from a chiropractor, which precluded him from remuneration.

Appellant appealed the referee's decision to the Workmen's Compensation Appeal Board (Board) which affirmed, finding that Appellant's failure to seek treatment from a physician named on Appellee's designated list removes Appellee's obligation to pay for treatment within the first fourteen days following the injury.

On appeal, the Commonwealth Court, in affirming the Board's decision, determined that under the 1978 amendment to Section 306(f)(1) of the Act an employer is required to reimburse only for treatment rendered by practitioners on the designated list. *Martin v. Workmen's Compensation Appeal Board (Emmaus Bakery)*, 161 Pa.Cmwlth.Ct. 637, 638 A.2d 294 (1994).

Appellant now comes before us in an effort to clarify what appears to be an absurd application of the Act which would limit injured employees from obtaining appropriate care simply because their employer failed to include a suitable practitioner on the designated list. Appellant argues that the Commonwealth Court's analysis relies heavily on its misinterpretation of our holding in *Workmen's Compensation Appeal Board (Collier) v. Overmyer*, 473 Pa. 369, 374 A.2d 689 (1977),

wherein we reversed the Commonwealth Court which, in turn, had reversed the Workmen's Compensation Appeal Board's ruling that chiropractor charges were payable under Section 306(f).

The issue presented in *Overmyer* was whether, under the pre–1978 version of Section 306(f) of the Act, an employer who had designated a list of five physicians, was responsible for treatment rendered by a licensed practitioner of the healing arts.

In concluding that the chiropractic services were reimbursable, we noted:

> If the legislature had intended to restrict the employee's rights to choose "any practitioner of the healing art," it could have limited that choice by allowing the employer to designate certain "practitioners of the healing arts" from which the employee was to choose ... we believe the legislature intended only to limit the employe's choice as to "physicians," if the employe desired to be treated by a "physician," and if the employer had designated five "physicians" in accord with the statute.

*Overmyer*, 473 Pa. at 375, 374 A.2d at 691–92.

Following our decision in *Overmyer*, the legislature amended Section 306(f) by repealing certain language and enacting new Section 306(f)(1) which permits employers to include both physicians and other practitioners on their designated lists.

The 1978 version of Section 306(f)(1) is at issue here:[1]

> The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed: Provided, That [the employe may select a duly licensed practitioner of the healing arts of his own choice, unless at least five physicians shall have been designated by the employer or the employer and the employer's representative by agreement, in which instance the employe

---

1. On July 1, 1978, by Act No. 1978–119, the General Assembly deleted the bracketed portion from the 1974 amended section and replaced it with the italicized portion immediately following the last bracket.

shall select a physician from among those designated] *if a list of at least five designated physicians or other duly licensed practitioners of the healing arts or a combination thereof is provided by the employer, the employe shall be required to visit one of the physicians or other practitioners so designated and shall continue to visit the same or another physician or practitioner for a period of fourteen days from the date of the first visit. Subsequent treatment may be provided by any physician or any other duly licensed practitioner of the healing arts or a combination thereof, of the employe[']s own choice, and such treatment shall be paid for by the employer.*

77 P.S. § 531(1) (Emphasis added).

Appellee argues that under amended Section 306(f)(1) an employer should not be responsible to pay medical benefits to a particular type of provider not included on the employer's designated list for treatment sought within the first fourteen days following a work-related injury because this would place an unreasonable burden upon employers in terms of both time and money and would require employers "to locate and evaluate the qualifications of innumerable duly licensed practitioners of the healing arts." (Appellee's brief, p. 15).

The Commonwealth Court was apparently persuaded with this reasoning and concluded that in Section 306(f)(1), the General Assembly decided to require employers to reimburse claimants only for treatments rendered by practitioners contained on the list during the statutory fourteen day period without regard to whether those physicians or practitioners would be of any help to an injured employee.

Because we agree with Appellant that the Commonwealth Court's interpretation of Section 306(f)(1) is overly narrow, we now reverse.

■ We begin by noting that our scope of review in workmen's compensation matters is limited to determining whether there has been a constitutional violation, an error of law, or a violation of Appeal Board procedure, and whether necessary findings of facts are supported by substantial evidence. *St.*

*Joe Container Company v. Workmen's Compensation Appeal Board (Staroschuck),* 534 Pa. 347, 633 A.2d 128 (1993).

■ Our basic premise in workmen's compensation matters is that the Workmen's Compensation Act is remedial in nature and is intended to benefit workers and, therefore, the act must be liberally construed in order to effectuate its humanitarian objectives. *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency),* 528 Pa. 279, 597 A.2d 1116 (1991).

■ The language of Section 306(f)(1) before us requires an employer to provide 1) a list of five designated physicians, or 2) a list of five other duly licensed practitioners of the healing arts, or 3) a combination thereof from which an injured employee can make a choice in being treated. The latitude the employer is given in creating a list of designated physicians and practitioners of the healing arts is obviously designed to afford an employer an opportunity to direct its injured employees, in the first two weeks of an injury, to physicians and practitioners of the employer's preference. Admittedly, it is impossible to predict all the different types of job-related injuries which can befall an employee, but when an employer fails to include on the designated list those physicians or practitioners required by the injured employee for proper treatment of a particular job-related injury, we see nothing in the statute that prevents the employer from being required to pay for the employee's treatment by the physician or practitioner which the employee's injury dictates. *Overmyer* does not stand for a different proposition and, in fact, as in *Overmyer,* we see no evidence in the statute's amendment of legislative intent to take away an employee's right to use the type of practitioner of the healing arts needed when none are in the list designated by the employer.

■ Here, Appellant was in need of chiropractic services. He did not need the services of a physician. The referee specifically found that the care given by the two chiropractors (which amounted to $445.00, of which the sum of $296.00 was incurred during the first 14 days following Appellant's injury)

were both reasonable and necessary and that finding of fact is not challenged by Appellee. Appellee's list of designated physicians and practitioners of the healing arts did not include any chiropractors. As a result, Appellant was required to choose his own chiropractor. The Commonwealth Court's interpretation of Section 306(f)(1), as a practical matter, would force injured workers to wait fourteen days before seeking proper treatment where an employer fails to include a suitable physician or practitioner of the healing arts on its designated list. Under the Commonwealth Court's ruling, if an injured employee requires the services of a dentist, but the employer's designated list contains only names of physicians and no dentists, then the employee would either have to wait for fourteen days before seeing a dentist or pay for the first fourteen days of treatment for the work-related injury from his own pocket. We reject such a reading of the Act since it is not harmonious with the humanitarian nature of the Act.

Rather, we interpret the Act to require Appellee to reimburse Appellant for chiropractic treatment where the treatment was necessary and reasonable for the type of injury involved and where no suitable physician or practitioner (in this case a chiropractor) was included on the list of designated physicians of practitioners of the healing arts.

The opinion and order of the Commonwealth Court are reversed and the matter is remanded to the Workmen's Compensation Appeal Board to enter an order reimbursing Appellant for the chiropractic treatment provided during June 2, 1989 to June 9, 1989.

CAPPY, J., files a Dissenting Opinion in which CASTILLE and MONTEMURO, JJ., join.

MONTEMURO, J., is sitting by designation.

CAPPY, Justice, dissenting.

I must respectfully dissent to the decision of the Majority. I believe that the decision is not consistent with the plain language or the intent of the statute, nor is it factually supported by the record. Finally, I do not believe that the

decision provides any workable framework for determining when an employee is entitled to payment for medical services.

First, I agree with the Commonwealth Court that the 1978 amendment to section 306(f)(1) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 531(1), intended to limit the selection of health care providers to the province of the employer. The plain language of the statute provides that:

> (1) The employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies as and when needed: Provided, if a list of at least five designated physicians or other duly licensed practitioners of the healing arts or a combination thereof is provided by the employer, **the employe shall be required to visit one of the physicians or other practitioners so designated and shall continue to visit the same or another physician or practitioner for a period of fourteen days from the date of the first visit. Subsequent treatment may be provided by any physician or any other duly licensed practitioner of the healing arts or a combination thereof, of the employe[']s own choice,** and such treatment shall be paid for by the employer.

77 P.S. § 531(1) [Emphasis added]. I believe the language is clear that the employee is required to visit one of the health care providers designated by the employer for the first fourteen days of treatment. The employee is not *prevented* from seeking treatment from a practitioner that he or she deems preferable; he or she simply must pay for that choice.

I also view the Majority's reliance on *Workmen's Compensation Appeal Board v. Overmyer Mold Co.*, 473 Pa. 369, 374 A.2d 689 (1977), to be clear bootstrapping. *Overmyer* is simply inapposite to this case. In *Overmyer*, the Court interpreted the version of § 306(f) *prior* to the 1978 amendments. In that version, § 306(f) permitted the employee to select a treatment provider *unless* at least five physicians were desig-

nated by the employer, in which case the employee was required to choose from the five physicians. The Court interpreted § 306(f) to mean that only the choice of *physicians* was limited. The Court stated: "If the Legislature had intended to restrict the employee's rights to choose 'any practitioner of the healing arts,' it could have limited that choice by allowing the employer to designate certain 'practitioners of the healing arts' from which the employee was to choose." 473 Pa. at 375, 374 A.2d at 691–692. The 1978 amendments to § 306(f) made it clear, to my mind, that the Legislature intended to restrict the employee's right to choose a health care provider.[1,2] The Majority's reliance on *Overmyer* is simply an attempt to graft an interpretation of a previous version of a statute onto an amended version which has been materially altered.

Nor does the Majority's argument that if the statute were not construed to permit Appellant to visit a chiropractor, an "absurd" result would occur, lend credence to its interpretation of § 306(f). The factual record in this case simply does not play out the purported "absurdity" of the statute, since there was no evidence that a physician was unable to handle Appellant's medical complaint. Here, the Majority states that

1. I would also note that although the statute is remedial in nature and therefore is to be construed in favor of the injured worker, we are not permitted to ignore a rational plan adopted by the Legislature to govern the selection of health care providers in favor of perceived policy considerations and imagined horrors. Appellant's brief focuses repeatedly on the issue of "freedom of choice" with regard to health care providers, perhaps in an attempt to echo the recent national debate on this issue. However, the issue of freedom of choice and whether that is desirable or undesirable is simply not before this Court now. Rather, we are faced with interpreting a scheme that has already been adopted by the Legislature, not with judicially legislating what we may perceive to be the more desirable system.

2. I note that the Legislature again amended § 306(f) in 1993. The latest amendments require the employee to visit an employer-designated health care provider "[p]rovided an employer establishes a list of at least six designated health care providers, no more than two of whom may be a coordinated care organization and no fewer than three of whom shall be physicians...." Clearly, the Legislature continues to indicate its legislative preference to provide the employer with control over the medical services initially obtained by an employee.

the Appellant's injury of a possible disc herniation is "routinely treated by chiropractic manipulation and physiotherapy." The Majority then makes the leap, which I believe to be unwarranted, that a chiropractor is the *only* competent treatment provider of back injuries, and that the Appellant's injury *required* chiropractic care. For example, the Majority implies that in this case, Appellant would be prevented from "obtaining appropriate care....", Maj. op. at 444. The Majority goes on to assert:

> [W]hen an employer fails to include on the designated list **those physicians or practitioners required by the injured employee for proper treatment** of a particular job-related injury, we see nothing in the statute that prevents the employer from being required to pay for the employee's treatment by the physician or practitioner which the employee's injury dictates.... [W]e see no evidence in the statute's amendment of legislative intent to take away an employee's right to use **the type of practitioner of the healing arts needed when none are in the list** designated by the employer.

Maj. op. at 1303 [Emphasis added]. The problem with these assertions is that in this case, there is simply no evidence of record that any of the physicians listed on the employer's list were incompetent to treat Appellant or were an inappropriate treatment provider.[3, 4] Surely the Majority is not suggesting that medical doctors are unqualified to treat herniated discs![5] In this regard, I note that the referee's finding that the

3. The only evidence presented by Appellant was testimony by the treating chiropractor that treatment for disc herniation by a medical doctor was different than that of a chiropractor, but not improper (R.R. at 64a); and testimony from the Deputy Director for the Foundation for Chiropractic Education and Research that chiropractic treatment was generally less expensive than that of a medical doctor (R.R. at 75a–76a).

4. Moreover, unlike in *Overmyer*, Appellant was not told by any of the designated physicians that Appellant's condition was not treatable by a medical doctor.

5. I believe this is the clear logical implication of the Majority's holding, and demonstrates the danger of the type of result-oriented analysis in which the Majority engages.

treatment received by Appellant was reasonable and "necessary" does not translate into a finding that chiropractic treatment was the *only* treatment that was adequate for Appellant. In other words, merely because the referee found that treatment itself was "necessary," *i.e.*, Appellant's injury required *some* treatment, does not mean that the *manner* of treatment, *i.e.* chiropractic manipulation, was necessary to the exclusion of all other medical treatment.

Finally, I note that the Majority's decision provides no guidelines or legal principles for determining when the list of physicians and practitioners submitted by an employer is insufficient to treat an injured employee. Who is to determine what is the appropriate care required—the employee? If that is the intent of the Majority, why even have a statute that provides the employer with the opportunity to select suitable health care providers? Moreover, how many kinds of practitioners must an employer include in the list? I believe § 306(f) plainly vests discretion in the hands of the employer in a workable manner; the Majority's interpretation creates ambiguity and confusion where none need exist. Therefore, I must conclude that the Majority has interpreted § 306(f) in a manner not only in derogation of the language and intent of the statute, but in also in a manner that is wholly unworkable. Accordingly, I dissent.

CASTILLE and MONTEMURO, JJ., join this Dissenting Opinion.